(Decided 22d June, 1871.)

---

## The Mutual Benefit Life Insurance Company *vs.* Harriet H. Wise.

*Life Insurance—Materiality of Answers—Answers not Warranties — Misdirection to the Jury— Questions exclusively for the Jury—Admissibility of Evidence.*

A policy of insurance, effected by a wife upon the life of her husband, stipulated that "if the declaration made by or for the assured, and upon the faith of which this agreement is made, shall be found in any respect

untrue, then in such case this policy shall be null and void." By the declaration made by the wife, it was agreed "that the answers of the assured, and those of his physician and friend, should be the basis of the contract between herself and the company; and if any untrue or fraudulent allegation should be contained in those answers, or in the declaration, all moneys which should have been paid to the company on account of the assurance, made in consequence thereof, should be forfeited for the benefit of the company." Among the questions required to be answered by the assured, and his answers thereto, were the following: " Has the party been or is he now employed in any military or naval service? No " " Has the party had *any* sickness within the last ten years; if so, what? Pneumonia in 1862." " Has any company declined to insure the party; if so, what company, when, and for what reason? No." In an action on the policy by the wife, it was HELD:

1st. That these answers were not warranties, but representations made material by the agreement of the parties, and their truth alone, was open to the consideration of the jury.

2d. That it was not incumbent upon the insurer to show that the answers were morally false; to show that they were simply untrue, would be sufficient to defeat the plaintiff's action.

3d That it was a misdirection to the jury, to instruct them that although the answer of the assured. that he had pneumonia in 1862, was true, their verdict must be for the defendant, if they found that the assured had had chronic pharyngitis within the ten preceding years, and had not communicated the fact, and that he had been treated therefor by a physician, however innocent he may have been in making said answer. It should have been left to the jury to find from all the evidence upon the matter, whether " chronic pharyngitis," was a sickness in contemplation of the parties in putting and answering said question, in addition to the other facts which the instruction required the jury to find.

4th. That it was a misdirection to the jury to instruct them that the plaintiff could not recover if they found that the assured answered " No " to the question, " Has the party been or is he now *employed* in any military or naval service ?" and it appeared that he had been a chaplain in the army of the Confederate States in 1862. It should have been left to the jury to find whether a chaplain in the army, is in the military service, and if in the military service, was the assured ever actually *employed* in such service.

5th. That it was a misdirection to instruct the jury that the plaintiff was not entitled to recover, if they found that the assured replied " No " to the question, " Has any company declined to insure the party; if so,

what company, when, and for what reasons?" and further found that he had. a short time previously, made application to the Mutual Life Insurance Company of New York, and the application had been returned to him before he made application to the defendant, and that he did not disclose the facts connected with such application. It should have been left to the jury to find, upon all the evidence in relation thereto, whether any other company had *declined* to insure his life.

6th. That whether an application to an insurance company by a party desiring to be insured, has been declined or not, is a question exclusively for the determination of the jury.

7th That it was a misdirection to instruct the jury that the plaintiff was not entitled to recover, if they found that the assured, previously to applying to the defendant, had applied to the Insurance Company of New York for an insurance upon his life, and failed to disclose to the defendant all the facts connected with such application, its return and fate, when replying to the question: "Has any company declined to insure the party; if so, what company, when, and for what reason?" It should have been left to the jury to find whether or not, upon all the evidence before them, the assured knew all the facts connected with his application to the New York company, its return and fate, and knowing them, concealed them.

In an action on a life policy, the medical examiner of the company who had recommended the risk in 1867, having testified that in a conversation with the assured, he had spoken of his great powers of endurance, and of his capability of performing considerable feats of pedestrianism, was asked: "If you had known that the assured had been so far weakened or prostrated by his pulpit-services in the morning, in Philadelphia, (in 1860 or 1861,) that he was unable to attend in the afternoon, would that have influenced you in making up your opinion about recommending him, while he was informing you about his great powers of physical endurance? HELD:

That the question was irrelevant, and therefore inadmissible.

APPEAL from the Circuit Court for Howard County.

This suit was instituted in the Superior Court of Baltimore city by the appellee against the appellant, and subsequently upon the affidavit of the latter, was removed to the Circuit Court for Howard county. The cause of action was a policy of insurance effected by the appellee in the office of the appellant, on the 17th of May, 18∪7, upon the life of her husband,

the Rev. Henry A. Wise of Baltimore city, for the sum of $20,000. The premiums were regularly paid by the deceased up to the time of his death, which occurred on the 10th of February, 1869. The appellant, after the death of Mr. Wise, was regularly furnished with the preliminary proof required, but refused to pay the amount of the policy. The policy contained the following clause: "if the declaration made by or for the said assured, and bearing date the 17th of May, 1867, and upon the faith of which this agreement is made shall be found in any respect untrue, then and in such case this policy shall be null and void." In the declaration signed on behalf of the appellee, for whose benefit the insurance was effected, are the words:

"I hereby agree that the answers of the said Henry A. Wise, and those of his physician and friend shall be the basis of the contract between myself and the said company; and if any untrue *or* fraudulent allegation is contained in those answers, or in this declaration, all moneys which shall have been paid to the said company on account of the assurance made in consequence thereof, shall be forfeited for the benefit of the company.

The questions required to be answered by the assured on applying for an insurance on his life, and his answers thereto, in so far as material in this case, are as follows:

"5. Has the party been, or is he now employed in any military or naval service?" "No."

"10. Has the party been afflicted since childhood with disease of the heart, rupture, fits, dropsy, liver complaint, bilious colic, rheumatism, gout, habitual cough, bronchitis, asthma, spitting of blood, consumption, paralysis, apoplexy, insanity, fistula or disease of the kidneys or bladder, and which?" "No."

"11. Has the party had *any* sickness within the last ten years; if so, what?" "Pneumonia, in 1862."

"15. Has any company declined to insure the party; if so, what company, when, and for what reasons." "No."

Other facts in the case will be found sufficiently disclosed in the prayers and in the opinion of the Court.

*First Exception:* The medical examiner of the defendant in his testimony stated that upon the examination of Mr. Wise, he had some conversation with him, and Mr. Wise said that he had great powers of endurance; that the memorandum at the end of the medical examination was Mr. Wise's own declaration, put in form as near as could be; that Mr. Wise said, "I have great powers of endurance; I am capable of performing considerable feats of pedestrianism without fatigue, and I feel this morning as if I could carry an ordinary-sized man to New York on my shoulders." I knew that he could not do that, but it was not said in a jocular way; that witness had not any other information about Mr. Wise than what he, Wise, had himself given; that the recommendation by witness had been made upon the representations of Mr. Wise, upon witness' own examination and the certificate of the family physician.

The defendant then asked the witness this question, viz: "If you had known that Mr. Wise had been so far weakened or prostrated by his pulpit services in the morning in Philadelphia, that he was unable to attend in the afternoon, would that have influenced you in making up your opinion about recommending him while he was informing you about his great powers of physical endurance? The plaintiff objected to the question, and the Court sustained the objection, and thereupon the defendant excepted.

*Second Exception:* The evidence being closed the defendant offered the following prayers:

1st. That there is no evidence for the plaintiff to enable her to recover on the money counts.

2d. That if the jury find that Henry A. Wise, Jr., made and signed the declaration of particulars required from persons proposing to effect assurance on lives in the defendant, given in evidence; the 11th question of which is in the following form, namely: "11. Has the party had *any* sickness

within the last ten years;" and that the word *any* is in small capitals in the printed question; and the jury find that the said Henry A. Wise, Jr., answered, "Pneumonia, in 1862," then there is an implied representation that he had not had any other sickness within said term; and if, in point of fact, the jury find that he had another sickness, called "chronic pharyngitis," within said term, that then the policy is void by reason of the non-communication of that fact; and it is no matter how innocent the plaintiff may have been in the transaction, and no matter whether such non-communication was fraudulent or resulted from negligence, inadvertence or forgetfulness on the part of Henry A. Wise, Jr.

3d. That if the jury find that Henry A. Wise, Jr., made and signed the declaration of particulars required from persons proposing to effect assurance on lives in the defendant, given in evidence; the 11th question of which is in the following form, namely: "11. Has the party had *any* sickness within the last ten years;" and that the word *any* is in small capitals in the printed question; and the jury find that Henry A. Wise, Jr., answered, "Pneumonia, in 1862," and that in point of fact, within said term, his condition in reference to sickness within said term had been such as is particularly narrated in the testimony of Dr. Gerhard, contained in the commission executed at Philadelphia, and find the other facts contained in said testimony of Dr. Gerhard, and that none of the facts or circumstances so narrated by Dr. Gerhard were stated by Henry A. Wise, Jr., in the said declaration or at the time of making it, then the policy is void by reason of the omission to state any of those facts or circumstances; and it is no matter how innocent the plaintiff may have been in the transaction, and no matter whether such omission was fraudulent or resulted from negligence, inadvertence or forgetfulness on the part of Henry A. Wise, Jr.

4th. That if the jury find that Henry A. Wise, Jr., made and signed the declaration of particulars required from persons proposing to effect assurance on lives in the defendant,

given in evidence; the 15th quistion of which is in the following form, namely: "15. Has any company declined to insure the party; if so, what company, when and for what reason;" and shall further find that said Wise to that question answered "No;" and shall further find that shortly prior to said declaration being so made by Henry A. Wise, Jr., he had applied to the Mutual Life Insurance Company of New York, for insurance, and had been examined by Francis Donaldson, the medical examiner of said company; and said Donaldson, in answer to the 15th, one of the questions which are to be answered by the medical examiner, said question being "Do you recommend that a policy be granted?" had not recommended the granting of it, but had answered as follows, viz: "I can detect no evidence of any disease in Mr. Wise; he is thirty-three years old; his weight does not correspond by forty pounds to his height." And further find that said application was made and signed by said Wise in the city of Baltimore, and left with O. F. Bresee, agent of said Mutual Life Insurance Company, and thence sent to the principal office of the said Mutual Life Insurance Company, at New York, and by said company returned to said Bresee, and said insurance was not effected for the reason stated by said medical examiner; and further find that said Henry A. Wise, Jr., did not disclose to this defendant the fact that said application had been mailed and returned to said Bresee, that then it is no matter whether such non-disclosure or concealment was fraudulent or resulted from ignorance, negligence, inadvertence or forgetfulness on the part of said Henry A. Wise, Jr., and no matter whether or not he knew the necessity of a full disclosure of all the facts and circumstances of said transaction with said Donaldson and said Mutual Life Insurance Company or its agent. Nevertheless, it was his duty to have made such disclosure, and therefore the policy upon which suit is brought in this case is void, and the plaintiff cannot recover under the first count in his declaration.

5th. That if the jury find that an application for insurance on his life was made by Henry A. Wise, Jr., to the Mutual Life Insurance Company of New York., and that said application was not granted by said company, that then it was in legal intendment a declination by said company, and ought therefore to have been disclosed by said Henry A. Wise, Jr., in answer to the 15th question.

6th. That if the jury find that Henry A. Wise, Jr., made and signed the declaration of particulars required from persons proposing to effect assurance on lives in the defendant, dated the 17th of May, 1867, given in evidence; and further find the facts stated in the evidence of Mr. Winston, contained in the deposition executed at New York; and also find that the application for insurance therein mentioned was made by Mr. Wise through Mr. Bresee, the agent of the Mutual Life Insurance Company in Baltimore, and returned to said Wise without a policy being issued before his application to defendant, then it was the duty of said Wise, in his application to the defendant, in answer to the 15th of the questions answered by him, to have disclosed the fact of his application to the Mutual Life Insurance Company and the fate of it; and if the jury find that he did not make such disclosure, then the plaintiff cannot recover on the first count in his declaration.

7th. If the jury shall find from the evidence that the late Henry A. Wise, Jr., gave the written answers to interrogatories required of persons on whose lives insurance is applied for to the defendant, which accompany and are made part of the application dated May 17th, 1867, for insurance upon his life, which has been offered in evidence, and that upon said application the policy sued on was issued by the defendant, and that to the 15th of said interrogatories, which is in these words: "Has any company declined to insure the party; if so, what company, when and for what reason?" the said Wise gave no other answer than the written answer, "No," which appears on said application. And shall further find, that a short time prior to the said application, an application

had been made for insurance upon his life to the Mutual Life Insurance Company, and that said application was not accepted by said company, but was returned by it to said Wise before the aforesaid application to this defendant was made, then the plaintiff is not entitled to recover on the first count of the declaration.

8th. If the jury shall find from the evidence that the late Henry A. Wise, Jr., gave written answers to interrogatories required of persons on whose lives insurance with the defendant is applied for, which accompany and are made part of the application dated May 17th, 1867, for insurance on his life, which has been offered in evidence, and that upon said application the policy sued on was granted, and that to the fifteenth of said interrogatories, which is in these words: "Has any company declined to insure the party; if so, what company, when, and for what reason?" the said Wise gave the answer, "No," which is written upon said application. And shall further find, that a short time prior to said application, an application had been made for insurance upon his life to the Mutual Life Insurance Company of New York, and that said application was not accepted by said company, but was returned by reason of any objection whatever prior to making the application to this defendant; and shall further find that the said Wise, nor any other person, did not make known to this defendant prior to the issue of its policy, the fact of said application and the return thereof by said Mutual Life Insurance Company, then the policy sued on is void and the plaintiff cannot recover in this action, even were the jury further to find that the objection taken to the risk by said company was one of the objections which was considered by the defendant in estimating the risks intended to be assured by them.

9th. If the jury shall find from the evidence that the late Henry A. Wise, Jr., made and signed the declaration of particulars, which accompanied and made part of the application for insurance given in evidence in this cause, and upon that application the policy of insurance upon his life, which has

been given in evidence by the plaintiff, was issued, and that the eleventh question required to be answered by the party upon whose life insurance is applied for, as contained in said application, is in the following form, to wit: "Has the party had any sickness within the last ten years?" And they shall further find that the said Henry A. Wise gave to this question the written answer: "Pneumonia in 1862," and gave no other answer or explanation in response to said question; and shall further find that the said Henry A. Wise, in the year 1860 or 1861, or at any time within ten years prior to the said application, had the sickness called "chronic pharyngitis," and was treated for said sickness by his then medical attendant, then the policy offered in evidence by the plaintiff in this cause, was avoided by his non-communication of the fact of said sickness to the defendant, and the plaintiff is not entitled to recover upon the first count of the declaration in this cause.

10th. If the jury shall find that the late Henry A. Wise, Jr., made and signed the declaration of particulars required to be made and answered by persons on whose lives insurance is proposed to be effected with the defendant, which has been offered in evidence, and that the policy sued on was procured upon the faith of said application and the statements by the said Wise in said application made in answer to the questions to him then propounded, in whole or in part; and shall further find, that in answer to question number eleven in said application, viz: "Has the party had any sickness within the last ten years?" he said or wrote, "Pneumonia in 1862," and made no other answer and gave no other information touching the matter of said question than those words; and shall further find, that within ten years next before the date of said application, he had had a sickness called "chronic pharyngitis," and that he had been treated for said sickness by a skilful medical attendant, then the non-communication of his having had such sickness, to the defendant, avoids the policy sued on, and the plaintiff cannot recover under the first count of the declaration.

11th. If the jury shall find that the late Henry A. Wise, Jr., made and signed the declaration of particulars required to be made and answered by persons on whose lives insurance is proposed to be effected with the defendant, which has been offered in evidence, and that the policy sued on was procured upon the said application, and that he made the statements contained in said application, in answer to the questions to him then propounded; and shall further find, that in answer to the question No. 5 in said application, viz: "5. Has the party been or is he now employed in any military or naval service?" he answered, "No," and made no other answer to said question; and shall further find that he was chaplain in the army of the Confederate States in 1862, that then this non-communication of that fact avoids the policy, and the plaintiff cannot recover under the first count in the declaration.

The first prayer was conceded by the plaintiff, and the other prayers were rejected by the Court. The defendant excepted.

The verdict was for the plaintiff for $21,546.67, and judgment was so entered. The defendant appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON, ALVEY and ROBINSON, J.

*Ed. Otis Hinkley* and *Wm. M. Merrick*, for the appellant.

The fact that Mr. Wise was a chaplain in the army, as stated in the eleventh prayer, is enough for the purposes of what is intended in the policy, by the word *employed*.

This word in the contract not being intended to require a commission or any pay for the service, but only a doing something, or being somewhere that increases the risk. The word employment is used as synonymous with occupation or business—that is to show the character of the work and not the mode in which a contract was made for such employment, or the rate of pay, or indeed that any such contract was made;

for this is foreign to the purpose of the inquiry, and quite useless for the appellant.   *Hartman vs. Keystone Ins. Co.*, 21 *Penn.*, 466.

Prayers two, three, nine and ten, did not take the question of materiality of the sickness called "chronic pharyngitis," from the jury, but the Court below did.   This was error. The evidence showed the nature of the disease and its tendency to induce bronchitis, which is one of the diseases particularly inquired for.

The answer to the eleventh question was "pneumonia," and this was true as far as it went; but it implied that the party had had no other sickness, and so it was not the whole truth.   It is not law that a man can excuse himself by telling only a part of the truth if the other part is material, and even more material than the part disclosed.

The duty of disclosure of all material facts about which inquiry is directly made, lies at the very foundation of the contract of insurance, whether fire, life, or marine; and, perhaps more in life insurance than in either of the other two. It is preëminently a contract of good faith.   This duty of disclosure applies to all three questions, and it leads to the question whether any of the forms in which this point is raised in prayers numbers four, five, six, seven or eight, rightly enunciate the principle.

Mr. Wise made an application for insurance, and it was not granted, but the application was returned to him for the reason that his weight did not correspond to his height, and he knew that—so the evidence shews.   Does not this raise a duty of a more candid answer to the fifteenth question?

It was not sufficient for the assured to answer all questions propounded to him.   He was bound to tell the *whole truth* without waiting to be interrogated.   *Smith vs. Columbia Ins. Co.*, 17 *Penn.*, 253; *Allegree vs. Md. Ins. Co.*, 2 *G. & J.*, 162; *New York Life Ins. Co. vs. Flack*, 3 *Md.*, 341; *Augusta Ins. Co. vs. Abbott*, 12 *Md.*, 348, 376, 377; *Sexton vs. Montgomery*, 9 *Barb.*, 191; *Clark vs. Manuf. Ins. Co.*, 8 *How.*, 235–248

Misrepresentation of facts will avoid a policy, whether made fraudulently,.or by mistake, or negligence, if the insurer is thereby led into error. *Bryant vs. Ocean Ins. Co.*, 22 *Pick.*, 200 ; *Carpenter vs. American Ins. Co.*, 1 *Story*, 57.

A mere inadvertent omission of facts material to the risk, and such as the party insured should have known to be so, will avoid it. *Dennison vs. Thomaston Ins. Co.*, 2 *Appleton*, 125 ; *Sawyer vs. Coaster's Mutual Ins. Co.*, 6 *Cushing*, 223; 1 *Phillips on Ins.*, sec. 537.

Statements in the application, " upon the faith of which " the policy is granted, are warranties, and if untrue even in a point immaterial to the risk, avoid the policy. *Miles vs. Connecticut Mutual*, 3 *Gray*, 580 ; *Davenport vs. New England Ins. Co.*, 6 *Cushing*, 341 ; *Vose vs. Eagle Ins. Co.*, 6 *Cush.*, 49 ; *Anderson vs. Fitzgerald*, 4 *H. L. Cases*, 484 ; *Curry vs. Commonwealth Ins. Co.*, 10 *Pick.*, 535 ; *Wilbur vs. Bowditch Ins. Co.*, 10 *Cush.*, 446 ; *Kimball vs. Etna Ins. Co.*, 9 *Allen*, 540 ; *Sawyer vs. Coaster's Ins. Co.*, 6 *Gray*, 221 ; 1 *Arnould on Ins.*, 494, 495, and cases cited in note ; *Campbell vs. New England Mutual Life Ins. Co.*, 98 *Mass.*, 381 ; *Life, &c., Ins. Reports*, by *Bigelow*, 77, 161, 229, 409.

*Wm. S. Waters* and *I. Nevett Steele*, for the appellee.

The questions raised by the prayers in this case are not upon the facts stated in the declaration made by the appellee, but upon facts stated in the answers to the questions submitted to Mr. Wise. They seem to be raised upon that part of the declaration which purports to set out the following agreement on the part of the assured :

" I, Harriet H. Wise, hereby agree that the answers of the said Henry A. Wise and those of his physician and friend, shall be the basis of the contract between myself and the said company ; and if any untrue or fraudulent allegation *is* contained in those answers or in this declaration, *all money which shall have been paid to the said company* on account of the insurance made in consequence thereof, *shall be forfeited* for the benefit of the company."

Mutual Benefit Life Ins. Co. *vs.* Wise.

This agreement is not made part of the policy. It is not by the terms of the policy made part of the contract, and as such, a warranty. And unless this is done in the most clear and explicit terms in the policy itself, it will not be construed to be a part of the contract. For the policy of insurance merges in itself the entire agreement of the parties, exclusive of all collateral or prior stipulations. *Jefferson Ins. Co. vs. Cottrill,* 7 *Wend.,* 72; *Fowkes vs. Assurance Association,* 3 *B. & S.,* 917; *Jennings vs. The C. C. M. Ins. Co.,* 2 *Denio,* 75; *Barrett vs. S. Co. M. F. Ins. Co.,* 5 *Hill,* 190.

This agreement is referred to as a representation. Reference is made to certain answers as something upon the faith of which the contract is made. The truth or untruth of the answers referred to are "the basis of the contract," no further or otherwise than as a representation may be such basis. 6 *Rob. Prac.,* 90 to 92.

There being no express stipulation that the policy shall be void in consequence of an incorrect answer given by Mr. Wise and his physician and friend to questions put to them, it follows that nothing but fraud in such answer will have that effect. As to mere representations, there are in the case of a marine or fire insurance, peculiarities which do not apply to a life insurance. The former are contracts for indemnity —a life insurance is not so. It is a promise to pay money upon condition. The company agrees to pay a sum in gross upon the death of a party upon condition that it shall be paid a fixed annuity for his life. And unless there is some condition expressed in the policy itself, the breach of which makes it void, nothing but misrepresentations or fraud will avoid it. *Dalby vs. The Ind. L. Ins. Co.,* 28 *E. L. & E.,* 312; *Wheaton vs. Hardesty,* 8 *El. & Bl.,* 298; 6 *Rob. Prac.,* 87, 88.

The prayers preclude all inquiry by the jury into the materiality of the answers as representations. They exclude all inquiry into any fraud or wilfulness in any supposed misstatement in them.

Considering the prayers upon the supposition that the answers to the questions were warranties, the literal truth of

these answers was put in issue, and the jury must find that they were literally false. None of the prayers come up to this requisition. None of them submit the question to the jury of the truth or falsehood of the answers. There is no instance in which either, in the language of the question and answer, is the truth or falsehood of the answer submitted, or is the truth or falsehood of facts which are identically the same facts as those stated in the answers submitted. *Mayall vs. Mitford*, 6 *Ad. & El.*, 670; *Whitehead vs. Price*, 2 *Cr. M. & R.*, 447; *De Hahn vs. Hartley*, 1 *T. R.*, 344; 6 *Robinson's Prac.*, 86–266.

[Other objections urged to the prayers by the appellee, are embraced in the opinion of the Court.—REP.]

GRASON, J., delivered the opinion of the Court.

The record in this cause contains two exceptions, the first, taken to the ruling of the Court below in excluding from the consideration by the jury the evidence therein set out; and the second, to the rejection of ten of the eleven prayers offered by the appellant, its first prayer having been conceded. The rejected prayers all relate to certain answers made by Henry A. Wise, Jr., to questions five, eleven and fifteen put to him before the policy was issued by the agent of the appellant. The appellee, by her declaration in writing, dated the seventeenth day of May, in the year 1867, (the same day the policy bears date,) and filed with the application, declared that the age of said Henry A. Wise, Jr., at his next birth-day thereafter, would be thirty-three years.; that he did not, to the best of her knowledge and belief, practice any bad or vicious habit that tended to shorten life, and that she had an interest in his life to the full amount of $20,000; and she thereby agreed that the answers of the said Henry A. Wise, Jr., and those of his friend and physician, should be the basis of the contract between herself and the company, and that if any untrue or fraudulent allegation should be contained in those answers or in said declaration, all moneys which should be paid to the

company on account of the insurance, made in consequence thereof, should be forfeited for the benefit of the company. The policy contains a stipulation that it shall be void if "the declaration made by the assured, and upon the faith of which this agreement is made, shall be found in any respect untrue."

The fifth, eleventh and fifteenth questions, to which the prayers refer, and the answers thereto, are as follows: "5. Has the party been or is he now employed in any military or naval service?" The answer was "no." "11. Has the party had *any* sickness within the last ten years; if so, what?" The answer was, "pneumonia in 1862." "15. Has any company declined to insure the party; if so, what company, when, and for what reason?" The answer was "no."

The contract between the parties having been entered into upon the basis of the truth of these answers, it becomes necessary to ascertain whether they constitute warranties, which cast upon the assured the *onus* of proving the literal truth of them, or whether they are representations merely, and if representations, whether their materiality, as well as their truth, is to be passed upon by the jury. We have carefully examined and considered the authorities referred to in the argument, and are of opinion that the true rule of construction of contracts like this, is that adopted and acted upon in the cases of *Anderson vs. Fitzgerald,* 4 *House of Lords' Cases,* 503–514, and *Campbell vs. New Eng. Ins. Co.,* 98 *Mass.,* 381. Both of those cases presented questions almost identical with those raised in this case, and in each of them it was held that the answers were not warranties, but representations made material by the agreement of the parties, and, therefore, that their truth alone was open to the consideration of the jury. In those cases, it was also held that it was not incumbent upon the insurer to show that the answers were morally false, but that if they were shown to be simply untrue, it would be sufficient to defeat the plaintiff's action. Being satisfied that those cases announce the true rule of construction of such

contracts as the one before us, we will now proceed to consider the prayers.

The second, third, ninth and tenth prayers refer to the eleventh question and answer. Upon the theory of these prayers, notwithstanding the jury might find that Mr. Wise's answer that he had pneumonia in 1862, was true, yet their verdict must have been for the appellant, if they further found that he had had " chronic pharyngitis " within the ten preceding years, and that he had not communicated that fact, and that he had been treated therefor by a physician, however innocent he may have been in making said answer. By the tenth question, Mr. Wise's attention had been directed to certain diseases, specifically enumerated therein, and had been asked if he had had any of those diseases, and upon his replying in the negative, he was asked by the eleventh question if he had had any sickness within ten years. It is not alleged that the answer to this question, as far as it went, was untrue, but it is contended that it ought to have gone further and disclosed the fact that he had had " chronic pharyngitis " in 1860 or 1861. There is evidence in the record to show that pharyngitis is an inflammation of the throat, and, when slight, not to be called a sickness, and not likely to shorten life. If the policy in this case is to be avoided by the fact of Mr. Wise having had this affection in 1860 or 1861, and by his not having disclosed that fact in his answer, then, if he had suffered from any slight indisposition or sickness within the same period, and had failed to communicate that fact in answer to the eleventh question, the policy of insurance would have been made void. His attention having been directed by the tenth question to certain diseases particularly named therein, Mr. Wise may have very naturally supposed that the eleventh question had reference to diseases or sicknesses of the same class, and like importance. It will be recollected that pharyngitis is not named in either the tenth or eleventh questions, and that there was proof to show that it is an affection slight in its character and effects; and if, as matter of law, a

policy is to be avoided, if a party insured is shown to have had it some six or seven years before insurance, and that he failed to make it known in answering a question like the eleventh, then policies on lives, where the truth of answers to questions is made the basis of the contracts, would be mere devices by which insurance companies could obtain money, by way of premiums, without becoming liable upon the policies issued to the insured. The four prayers now under consideration were therefore properly rejected, because they did not leave it to the jury to find from all the evidence before them upon this matter, whether "chronic pharyngitis" was a "sickness" in contemplation of the parties in putting and answering the eleventh question, in addition to the other facts which these prayers required the jury to find.

The eleventh prayer denied the appellee's right to recover if the jury should find that Mr. Wise was a chaplain in the Confederate army in the year 1862. The only evidence as to this point, was a statement of Mr. Haxall, who, without being inquired of about the matter, so testified at the trial below. The fifth question put to Mr. Wise, and answered by him in the negative, was: "Has the party been, or is he now *employed* in any military or naval service?" There is no evidence to show whether a chaplain in the army is or is not in fact in the *military service*, and none to show that Mr. Wise was ever actually *employed* in said service, even if a chaplain can be said to be in the military service. He may have held the position of chaplain without having been ever actually employed. The *onus* of proving such employment was upon the appellant, and it was a question properly and exclusively for the jury to pass upon, and as the eleventh prayer did not submit to the finding of the jury either the question whether a chaplain in the army is in the military service, or the question whether Mr. Wise, if in the military service, was ever actually *employed* in such service, it was properly rejected.

The fourth, fifth, seventh and eighth prayers refer to the fifteenth question and answer. In answer to the question

whether any company had declined to insure Mr. Wise's life, he said " no." He had in fact made application to Mr. Bresee, general agent at Baltimore of the Mutual Life Insurance Company of New York, for insurance in that company. Mr. Bresee sent on to the president of his company, in the same letter, the applications of Macmurdo, Staley and Wise, and several days afterwards, received a reply from the vice-president of the company, in the following words, viz:

" I have received your letter, dated 1st May. I enclose policies No. 62,413, Macmurdo,    .    .    .    $36.13
   " Staley,    .   .   .   .    .    .    . Declined.
   " Wise,    .   .   .   .     Returned.    Sée mem."

The proof shows that Macmurdo's policy was granted; that " declined " opposite Staley's name, indicated that his application had been finally acted upon and rejected, and that the memorandum referred to in the letter as made upon Mr. Wise's application was the word " returned " or " withdrawn," which indicated that his application might be reconsidered. Dr. Donaldson, the examining physician of the New York company, had reported that Mr. Wise's weight did not correspond with his height by forty pounds.

Mr. Bresee proved that Mr. Wise did not know that his application had been sent on to New York; that he had no means of knowing; that after it was returned from New York, he sent a message to Mr. Wise, that his company had some rules about a man's weight corresponding with his height, and that he thought there might be some difficulty or doubt about his application passing, and advising him to withdraw it, and that Mr. Wise sent a message in reply, that he would not take a policy if the company would give it to him, that he would not insure in a company having such nonsensical rules.

Mr. Winston, the president of the New York company, was twice asked, upon his examination, whether Mr. Wise's

application had been declined by his company, without elicit-ing a reply in the affirmative. The fourth and seventh prayers asked instructions, in substance, that, if Mr. Wise did not make known, in answer to the fifteenth question, the facts connected with his application to the New York com-pany, the plaintiff was not entitled to recover. The Court below was right in rejecting those two prayers, because they did not submit to the jury to find, upon all the evidence in relation thereto, whether any other company had *declined* to insure Mr. Wise's life. That was a question exclusively within the province of the jury to pass upon. For the same reason, the fifth prayer, which asked the Court to say, as matter of law, that the above facts amounted to a declining of Mr. Wise's application, was also properly rejected. The sixth and eighth prayers do not deny the appellee's right to recover upon the ground of any want of truth in Mr. Wise's answer to the fifteenth question, but upon the ground that it was the duty of Mr. Wise to have disclosed to the appellant all the facts connected with his application to the New York company and its return and fate. In other words, the sixth and eighth prayers are based, in effect, upon the theory of a fraudulent concealment by Mr. Wise of facts, which good faith and fair dealing required him to disclose. Mr. Bresee testified that Mr. Wise did not know that his application had been sent on to New York; that he had no means of know-ing; that he had never seen Mr. Wise after his application had been made out, and that he thought he had returned Mr. Wise's application to him, as he had not been able to find it at his office. If Mr. Wise did not know that his application had been presented to and considered by the New York com-pany, but believed that the suggestion for its withdrawal came from Mr. Bresee alone, for the reason that Mr. Wise's weight did not correspond with his height, how can it be said that there was any concealment of facts, or want of good faith in not disclosing them? The prayers should have left it to the jury to find whether or not, upon all the evidence before

them, Mr. Wise knew all the facts connected with said application, its return and fate, and knowing them, concealed them. Not having submitted that question to the jury, the sixth and eighth prayers were properly rejected.

We think that the evidence set out in the first bill of exceptions was clearly inadmissible. Whether Mr. Wise was so fatigued by the morning services in 1860 or 1861, that he had to omit services in the afternoon and have them in the evening, or whether, if such were the fact, it would have influenced Dr. Hartman, if known to him, in making up his opinion about recommending him for insurance in 1867, we are at a loss to perceive how the questions at issue between the parties to this case can be affected by it. Mr. Wise was asked no question in regard to it; there is no evidence to show that such a thing ever occurred after he left Philadelphia, even if it occurred there, upon which point the evidence is conflicting; it was irrelevant and therefore inadmissible.

The only remaining question to be noticed, arises from the refusal of the Superior Court of Baltimore city to remove the case to the Circuit Court of the United States upon the petition of the appellant. It conclusively appears that Mrs. Wise, the appellee, was a citizen of the State of Virginia at the time of the institution of the suit, and therefore the provisions of the Act of Congress, authorizing removals from the State to the Federal Courts, do not apply.

Finding no error in the rulings of the Court below, its judgment must be affirmed.

*Judgment affirmed.*

(Decided 22d June, 1871.)