# FOURTH DEPARTMENT.

## GENERAL TERM, OCTOBER, 1874.

BAKER v. HOME LIFE INSURANCE COMPANY.

*Insurance — life policy — avoided by false statements in application.*

An application for a policy of life insurance contained this : " It is agreed that the answers to the annexed questions shall be the basis and form part of the policy granted on this application, and if the same be not in all respects full, true and correct, the said policy shall be void, and all moneys paid on account thereof forfeited." One of the annexed questions was : " Have the parents, uncles, aunts, brothers or sisters of the party been afflicted with insanity, consumption, or with any pulmonary, scrofulous or other constitutional disease ? " This question was answered " No." But the applicant's brother had been afflicted and died with consumption. *Held,* that the policy was avoided.

*Held,* also, that the presumption was that the applicant understood the contents of the application signed by her, and this was not overcome by evidence that she informed the agent who took such application that she understood her brother died of consumption. *Plumb* v. *Cattaraugus Ins. Co.,* 18 N. Y. 392, and *Rowley* v. *Empire Ins. Co.,* 36 id. 550, distinguished.

MOTION for a new trial after a nonsuit at the circuit upon exceptions ordered to be heard in the first instance at general term. The action was brought in Livingston county by Anson M. Baker against The Home Life Insurance Company to recover $5,000 on a joint policy of life insurance given by defendant upon the lives of plaintiff and his wife, Martha C. Baker. The application for the insurance was made in November, 1868, and Martha C. Baker died in December, 1870, of pulmonary consumption. The defendant set up that the deceased in the application made certain false statements which, by the terms of the contract, avoided the policy. The case was tried before a jury and upon motion of defendant, the court directed a nonsuit. Other material facts sufficiently appear in the opinion.

*Bingham & Stevens* and *G. F. Danforth*, for appellants, cited upon the question of breach of warranty by insured, *Miller* v. *Mut. Ben. L. Ins. Co.*, 31 Iowa, 216 ; *Horn* v. *Amicable M. L. Ins. Co.*, 64 Barb. 81 ; *Swift* v. *Mass. M. L. Ins. Co.*, 2 N. Y. Sup. 302 ; *Hoffman* v. *Etna F. Ins. Co.*, 32 N. Y. 405 ; *Welts* v. *Conn. M. L. Ins. Co.*, 48 id. 34, 39 ; *Clinton* v. *Hope Ins. Co.*, 45 id. 454.

*L. A. Hayward* and *A. B. Capwell*, for respondent.

TALCOTT, J. This was an action on a life insurance policy on the joint lives of the plaintiff and his late wife, the loss payable to the survivor. Attached to the application and to the answers to the questions propounded on behalf of the insurance company was an agreement by the plaintiff, signed by him, containing the following amongst other provisions : "And it is further agreed that the preceding answers given to the annexed questions and the accompanying statements and this declaration shall be the basis and form part of the contract or policy which may be granted on this application. And if the same be not in all respects full, true and correct, the said policy shall be void, and all moneys which may have been paid on account thereof shall be forfeited to said company." And the policy itself declares that the same is granted by the company and accepted by the assured upon the express condition that if the statements, declarations and agreement made by or for the assured contained in the application, upon the faith of which the policy is made, *shall be found untrue in any respect*, the company shall not be liable for the payment of the sum assured or any part thereof, and the policy shall cease and be null and void and of no effect. Among the questions and answers in writing which constituted a part of the application was the question numbered twenty, as follows : "Have the parents, uncles, aunts, brothers or sisters of the party been afflicted with insanity, consumption, or with any pulmonary, scrofulous or other constitutional disease ?" This the assured answered by a simple and unqualified negative. The evidence was pretty clear to show that several of the brothers and sisters of Mrs. Baker had died from consumption. As to some of these cases, however, there might have been some question of fact, but as to the case of William L. Dana, a brother of Mrs. Baker, there seems to have been no room for any such question. Doctor Wolcott, an experienced physician, under whose care Mr. Dana had

been for some two years before his death, and who had most ample opportunity for ascertaining by every method, the disease with which he was afflicted and of which he died, unhesitatingly pronounces that disease to have been tubercular consumption, and states that he examined his lungs several times during the progress of the disease by the usual methods of percussion and auscultation, and gives the history of the disease and symptoms down to the time of death. The qualifications of Dr. Wolcott are in nowise questioned, and his testimony is in no respect impeached or rendered doubtful. If any thing can be proved, as a matter of medical science, we think it was established in the case beyond all question that William L. Dana, the brother of Mrs. Baker, had been afflicted with and had died of consumption prior to the application for this policy. This being so, and the answer to the twentieth question being thus shown to be untrue, by the express terms of the agreement accompanying the application and of the policy itself, the company was not liable for the amount insured or any part thereof. It is true the twentieth question is very far reaching. And the answer to it, being an absolute and unqualified negative, was a very incautious and dangerous assertion, but it is not for the court to alter the plain contract of the parties. If persons procuring policies see fit to take such contracts, and make such statements as the basis thereof, they must abide the consequences. To allow the statements to be contradicted upon the claim that the party had signed them without having read them, when there was no pretense that he was prevented from reading, or that the contents were in any way misrepresented, would be to destroy all security afforded by reducing contracts to writing. The plaintiff testifies that Mrs. Baker informed the agent of the company that she understood her brother, William L. Dana, had died of consumption. Nevertheless both of the assured signed the statement containing the answer to the twentieth question, and as to Mrs. Baker there is no evidence tending to rebut the presumption that she signed the paper with a full knowledge of its contents.

The case of *Rowley* v. *Empire Ins. Co.*, 36 N. Y. 550, on which the plaintiff's counsel seems to rely to establish the proposition that if a true statement is made to the agent and he puts down a false answer, the company is nevertheless bound, is a very different case from the present. In that case the statement was made to the agent, according to the truth, and the assured signed the statement in blank,

upon the agreement of the agent to insert the particulars as furnished to him. The agent took the application away with him and afterward filled it up incorrectly, and the question in the case, was whether in filling up the application under these circumstances the agent was acting as the agent of the company or of the assured, and it was held that he acted as the agent of the company in filling up the blank in the absence of the assured, he having assumed to receive the application in blank, and agreed to fill it up according to the instructions.

In *Plumb* v. *Cattaraugus Ins. Co.*, 18 N. Y. 392, the agent had assumed to make the survey, it being a part of his duty as agent of the company to make the survey, and he made the statement to the assured of the measurements. The statement signed by the assured as to the measurements was according to, and on the faith of, the measurements furnished to him by the agent. And on the assumption that the agent was authorized on behalf of the company to make these measurements, it was held that the company was estopped to deny the truth and accuracy of the measurements furnished by its agent to the assured on the principle that "where one by his acts or conduct willfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring a different state of things as existing at the same time." The reasons why these cases should not be extended to a case like the present are forcibly presented in Bliss on Life Ins., § 292. At all events, in the present case the violent presumption of the law is that Mrs. Baker fully understood the contents of the statement signed by her, and its legal effect, and there is absolutely no evidence to repel this presumption as to her. Consequently, whatever may be claimed as to the evidence touching the diseases and death of Mrs. Baker herself, and of her other brother and sister, there would seem to be no question but that the statement in answer to the twentieth question was untrue in regard to William L. Dana, nor but that a verdict finding the answer to be true would have been unauthorized upon the evidence. We think, therefore, that the nonsuit was right upon the ground on which it was placed at the circuit, and a new trial is denied, and judgment ordered upon the nonsuit. *Ordered accordingly.*

NOTE.—In *Fitch* v. *Am. Pop. Life Ins. Co.*, 2 N. Y. Sup. 247, the applicant made these false statements ; that he never had any local disease ; that he had lived in New York ;

that he was and had been a traveling agent. He had had sore eyes, had lived in Virginia and had been a painter. *Held*, that the policy was avoided. In *Swift* v. *Mass. Mut. Fire Ins. Co.*, id. 302, it was held that a false statement in the application which was contradicted by another true statement therein did not render the policy void.

In *Equitable Life Assur. Co.* v. *Paterson*, 41 Ga. 338 (5 Am. Rep. 535), the applicant stated that he was married. The fact was that his reputed wife had a former lawful husband living, unknown to the applicant, who made the statement in good faith. *Held*, not to avoid the policy.

*Wilkinson* v. *Conn. Mut. Life Ins. Co.*, 39 Iowa, 119 (6 Am. Rep. 657). It was held in this case that a negative answer to the question "Has the party ever met with an accidental or serious personal injury?" did not avoid the policy when the fact was that he had met with a slight injury not affecting his health or longevity.

In *Kelsey* v. *Univ. Life Ins. Co.*, 35 Conn. 225, it was held that the statements made in the application for a policy containing the provision that the statements made therein were in all respects true and without the suppression of any fact relating to the health of the insured were warranties, and even if not so, were material to the risk, and would avoid the policy if untrue. To the same effect was the case of *Mut. Benef. Life Ins. Co.* v. *Miller*, 35 Ind. 475; *Valton* v. *Nat. Loan Fund Life Ins. Co.*, 26 N. Y. 32.

See, however, *contra, Price* v. *Phœnix Mut. Life Ins. Co.*, 17 Minn. 497, 10 Am. Rep. 116; *Wise* v. *Mut. Benef. Life Ins. Co.*, 34 Md. 582; *Campbell* v. *New Eng. Mut. L. Ins. Co.*, 98 Mass. 381; *Mut. Life Ins. Co. of N. Y.* v. *Wager*, 27 Barb. 354.

The following English cases bear upon the subject: *Jones* v. *Prov. Ins. Co.*, 3 Jur. N. S. 1004; S. C., 26 L. J. C. P. 272; 3 C. B. N. S. 65; *Cazenove* v. *Brit. Eq. L. Ins. Co.*, 5 Jur. N. S. 1309; S. C., 28 L. J. C. P. 259; 6 C. B. N. S. 437; *Fowkes* v. *Manch. & Lond. L. Ins. Co.*, 3 F. & F. 440; *Geach* v. *Ingall*, 14 M. & W. 95; S. C., 9 Jur. 691; 15 L. J. Exch. 37; *Wheelton* v. *Hardisty*, 3 Jur. N. S. 1169; S. C., 26 L. J. Q. B. 265; 8 El. & Bl. 232; *Wainwright* v. *Bland*, 1 M. & W. 32; S. C., 1 Gale, 406; 1 M. & Rob. 481; *Anderson* v. *Fitzgerald*, 4 H. L. Cas. 484; S. C., 17 Jur. 995; *Fowkes* v. *Manch. & Lond. Assur. Assoc.*, 3 B. & S. 917; S. C., 32 L. J. Q. B. 153; 11 W. R. 622; 8 L. T. N. S. 309; *Morrison* v. *Muspratt*, 4 Bing. 60; S. C., 12 Moore, 231; *Huckman* v. *Fernie*, 3 M. & W. 505; S. C., 1 H. & H. 149; 2 Jur. 444; *Von Lindeneau* v. *Desborough*, 3 M. & R. 45; S. C., 8 B. & C. 586; 3 C. & P. 350; *Duckett* v. *Williams*, 2 C. & M. 348; S. C., 4 Tyr. 240 ; *Rawlins* v. *Desborough*, 2 M. & Rob. 328; *Huckman* v. *Fernie*, 3 M. & W. 505; S. C., 1 H. & H. 149; 2 Jur. 444; *Hutton* v. *Waterloo L. Assur. Co.*, 1 F. & F. 735; *Perrins* y. *Mar. & G. Trav. Ins. Soc.*, 6 Jur. N. S. 627; S. C., 2 El. & El. 317; 29 L. J. Q. B. 242; 8 W. R. 563; *Chattock* v. *Shawe*, 1 M. & Rob. 498; *Watson* v. *Mainwaring*, 4 Taunt. 763; *Maynard* v. *Rhodes*, 5 D. & R. 266; S. C., 1 C. & P. 360; *Swete* v. *Fairlie*, 6 C. & P. 1; *Huguenin* v. *Rayley*, 6 Taunt. 186.—REP.