# COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed June 8, 1903.

CLARK ET AL., RECEIVERS,

VS.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

*Arthur W. Machen* and *Andrew C. Trippe* for plaintiffs.

*Edgar H. Gans, Thomas A. Whelan* and *Henry W. Williams* for defendant.

RITCHIE, J.—

*Guaranty Insurance.*

Unless it plainly and unequivocally appears from the contract that it was the intention of the parties that statements should be construed as warranties, they will not be so regarded. Warranties will not be created by construction.

The bond issued by a guaranty company, including therein any extraneous paper which by sufficient reference has been made part of it, is the contract between the parties.

Statements made by the employer, which, under a preliminary agreement signed by him, would have the force of warranties, will not be warranties under the bond, unless made so by its terms, or unless such statements and agreement have been clearly incorporated therein and made a part thereof.

The company frames its bond to suit itself, and makes them a part thereof or not, as it pleases.

A preliminary paper, under which certain statements are made warranties, is not made part of the bond by the mere statement in the bond, that it is made "upon the faith" of such paper.

This suit is brought by the receivers of the Supreme Council of the Order of Chosen Friends, to recover from the Fidelity and Deposit Company of Maryland the sum of $30,000, on its bond to indemnify the said Supreme Council against any pecuniary loss suffered by it by reason of the fraud or dishonesty of its Supreme Treasurer. The questions now presented have been raised by demurrers to the pleadings.

Prior to the execution of the bond sued on a paper with the heading "Application for bond for $30,000," was given by the defendant to the applicant Wilson. It contained a large number of questions to be answered by him, relating to his duties and powers as Supreme Treasurer, and also called for certain extracts from the constitution and by-laws of the order. The questions were answered and the extracts furnished.

Following the answers of Wilson and on the same paper came this heading, viz: "Statement relative to the bond proposed to be given by the Fidelity and Deposit Company of Maryland," under this caption was a long list of questions, relating to the office of its treasurer, to be answered by the Supreme Council. Following the answers made by the council, and purporting to give the effect which they should have, was the following preliminary agreement of the Supreme Council, viz: "It is agreed that the above answers are to be taken as conditions precedent and *as the basis of the said bond* applied for, or any renewal or continuation of the same that may be issued by the Fidelity and Deposit Company of Maryland to the undersigned upon the person above named."

Thereupon the bond was executed and delivered. It recites that the said council had delivered to the defendant "a statement in writing relative to the

duties, responsibilities and check to be used upon the employe in said position and other matters." It then provides, viz:

That in consideration of the premium, "and *upon the faith of the said statement*, as aforesaid, by the employer, it is hereby agreed and declared that, subject to the provisions and conditions *herein contained, which* (that is, the said provisions and conditions) shall be *conditions precedent* to the right" to recover under said bond, the said company shall make good and reimburse any loss.

Then follow the provisions and conditions, which by the terms of the bond are declared to be conditions precedent. It is also provided that none of the "*above* conditions or the provisions *contained in this bond*" shall be waived except over the signature of the president. No question arises under any of the provisions or conditions set out on the face of the bond, but the terms of the bond have an important bearing on the question, whether there are any conditions precedent in the contract between the parties other than those set out in the bond.

The record presents a vast number of demurrers, raising many questions which have been elaborately argued. The fundamental question, however, the determination of which will dispose of most of the others, is: Are the answers of the Supreme Council, which the preliminary agreement provides "are to be taken as conditions precedent and as the basis of the said bond, warranties *under the completed contract*, or not?

The defence raised by the pleadings is that these answers are warranties, and, on this theory, a large number of breaches are pleaded. It is not averred, however, that the alleged loss was due to any of the breaches of warranty set up.

If these answers are warranties they must be absolutely true and literally performed; all inquiry as to good faith, or into their materiality, or relation to the loss, is precluded, and the Supreme Council staked its right to indemnity upon their precise truth, so far as they are affirmative, and upon their exact performance, so far as they are executory. 1 May Ins., Sec. 156; 3 Joyce, Sec. 1944; Ficklin's Case, 74 Md. 180-1.

If parties choose to contract that their statements shall have the legal effect of warranties, of course, they can do so; and if an insurance company is not satisfied with the obligation of the insured to "observe the utmost good faith, and deal fairly and honestly with it in respect of all material facts," it has the legal right to exact more.

But if such be its intention, it must be manifested in the terms of its policy or bond by language clear and unequivocal. The party who obtains a policy or bond and pays premiums on it, or retains his employe from year to year, believes that he has a substantial obligation to rely on, and if it be the intention of the company to so frame its obligation as that, on the happening of a loss, it may be forfeited because of some matter or thing which bears no appreciable relation to the risk, and has not in any way contributed to the loss, such intention must be expressed in terms so explicit, that the insured cannot dispute the legal construction to be given to the language used. Moulor's case, 111 U. S. 341-343; Grace vs. Ins. Co., 109 U. S. 282; Thompson vs. Ins. Co., 136 U. S. 297; National Bank vs. Ins. Co., 95 U. S. 678.

Unless it plainly and unequivocally appears from the contract that it was the intention of the parties that statements should be construed as warranties they will not be so regarded. If the language of the contract is ambiguous or contradictory, or the intention of the parties doubtful, so that there is no room for construction, the statements will be regarded as representations and not as warranties.

Brashears' case, 89 Md. 632; Moulor vs. Ins. Co., 111 U. S. 335-341; Ins. Co. vs. Coos Co., 151 U. S. 462; Thompson vs. Ins. Co., 136 U. S. 297; Am. Co. vs. Pauly, 170 U. S. 133-144-160; Bank vs. Ins. Co., 95 U. S. 678; McMaster vs. Ins. Co., 183 U. S. 40; Guarantee Co. vs. Mechanics Bank, 183 U. S. 418.

In determining, in the light of these established rules, whether these answers are warranties or not, it is proper, among other things, to consider their character.

Some of these questions and answers are as follows:

When was applicant elected? A. "September 12th, 1895." Was his pre-

decessor in arrears? A. "No." What disposition will he make of the funds coming into his hands? A. "Deposit it in bank daily to credit of the Supreme Council." Name of the bank? A. "Essex County National Bank of Newark and others." Will the association provide him with necessary books in which to record receipts and expenditures of money? A. "Yes." How often will his accounts be verified? A. "Verified daily by Supreme Recorder. There is a semi-annual audit." By whom made? A. "By a special committee of experts."

Looking to the object for which this bond was given, and the questions and answers above stated, and assuming, as the court did in Moulor's case, that the company prepared this bond with the view of securing the just rights of the assured, as well as of protecting itself, it hardly seems probable that it was the intention even of the defendant itself, that the answers of the Council should be warranties. Some of the answers above quoted may not be apparently as important as others, but the characteristic of a warranty is that, however unimportant the statement may seem to be, its materiality is conclusively settled by being made a warranty by the contract. This preliminary agreement makes no distinction, and if any of these answers are warranties then all are.

If these answers are to be taken as warranties, it can only be because they are warranties under the completed contract. The only reference to them in the bond is, that the statement had been delivered and that the bond was made on the faith of the said "statement." Assuming that this reference makes whatever is thus referred to a part of the bond, the question arises, what is covered by the term "statement?" Does it include the answers only, or the answers and agreement both? The bond describes the paper it refers to as a *statement* in writing "relative to the *duties, responsibilities* and *check* to be used upon the employe." The defendant does not deny, that if the reference had been to the *statements* (plural) of the Council, it would have included the answers only, but it claims that, as the heading of the paper is "*statement* relative," &c., the reference is to the entire paper, including both answers and agreement. The plaintiffs claim that statement, whether in the singular or plural, means what is *stated* in respect to the matters inquired about, and does not include what was *agreed to;* that the statement therefore includes only the answers, and not the preliminary agreement which defines the legal effect such answers should have. We thus have a question of construction. Unless the word statement is so construed as to include the preliminary agreement, such agreement is not part of the bond. The word, however, cannot be so construed, because to so construe this ambiguous word would be to violate the rule against raising warranties by construction.

Again, the bond expressly provides that certain provisions and conditions, which are therein fully and carefully set out, shall be conditions precedent to recovery, but the condition of the truth of these answers is not among them. If it was intended that there should be conditions precedent other than those expressly declared in the bond to be such, why was it not plainly so stated in the bond? The company could easily have brought forward these answers and have plainly made them also conditions precedent under its bond, but when it failed to do this, and states emphatically what *shall* be conditions precedent, is it not a reasonable inference that it did not intend to insist upon, or include, any others?

These answers, further, were warranties under the preliminary agreement, and it was within the discretion of the defendant to accept the agreement and make them warranties by the terms of the bond, but it was not required to do so. With full power to put its contract in such form as it pleased, it elected to provide that its bond was issued upon the faith of the said statement." "Upon the faith of," or its equivalent, "as the basis of," is the language of inducement or representation and not of warranty or contract. Either term by itself imports representations. The court in Campbell's case, 98 Mass. 390, says that, *representations* "are *the basis* of the contract; its foundation, on *the faith* of which it is entered into." See also Price vs. Ins. Co., 17 Minn. 508-512; May Ins., Sec. 165.

Under the established rules of construction it does not seem possible to regard these answers as warranties.

But without considering further the many questions urged in argument, there is one view which, to my mind, is conclusive of this controversy, viz: Even if it be conceded that the preliminary agreement is embraced in the term "statement," these answers cannot be regarded as warranties, *because the statement has not been made part of the completed contract between the parties.*

It may be well at this point to make clear just what these preliminary declarations or agreements are, and show their relation to the final contract. The questions which an insurance or guaranty company generally requires to be answered before issuing its policy or bond, are asked for the purpose of getting information as to the risk proposed. It is usual for the company to attach to their answers some declaration or agreement, to be signed by the applicant or the employer, which defines the force and effect to be given to such answers. This declaration or agreement is in such form as the company chooses to make it. Sometimes it provides that the answers shall be representations, and sometimes, as in this case, that they shall be warranties or conditions precedent; sometimes that they shall be the basis of the contract, and sometimes that they shall be part of it. But whatever the answers or the form of the agreement or declaration may be, they are both procured by the company for its own benefit, and when once obtained, the company, in issuing its policy or bond, acts in regard to them just as it pleases. It may make the answers part of the completed contract, to have such effect as therein prescribed, or may ignore them altogether, as was done in this case with respect to the answers of the applicant, Wilson; it may incorporate the agreement and answers in the policy or bond, or not, just as it determines; if they are representations under the agreement they may be converted into warranties by the policy or bond, or if warranties under the agreement, they may be converted into representations.

But until acted upon by the company this preliminary agreement is nothing but the agreement or offer of one of the parties to a proposed contract. It is not a contract of itself, and it cannot by force of its own terms, no matter what they may be, *import itself* into the completed contract. It cannot get into the completed contract unless it is put there by the terms of the latter. The company, however, is not required to accept it and make it a part of the contract. It may prefer to deal with the subject-matter in its own way, under the broader provisions and conditions of its policy or bond. If the agreement is not accepted or adopted by the company and made part of the completed contract, it is to be taken as waived or merged like any other preliminary proposition. The company prepares the contract and puts it in such form as best suits itself. 1 Joyce, Sec. 187; 2 Joyce, Sec. 1882; Kerr Ins., p. 110-326-7; May Ins., Sec. 164; Brashear's case, 89 Md. 633; Fidelity Co. vs. Alpert, 14 C. C. A. 474; Ins. Co. vs. Day, 39 N. J. L. 89; Blake vs. Ins. Co., 12 Gray 265; Jennings vs. Ins. Co., 2 Denio 79-80; Ins. Co. vs. Day, 39 N. J. L. 89-94; Ins. Co. vs. Southard, 8 B. Mon. 634-637; Moulor's case, 111 U. S. 342; Pauly's case, 170 U. S. 144; Bank vs. Ins. Co., 95 U. S. 675-679; Guaranty Co. vs. Bank, 183 U. S. 418; and authorities post.

*The completed contract here is the bond.* 2 Joyce Ins., Sec. 1882; Beale vs. Greenwade, 9 Md. 193; Franklin vs. Claflin, 49 Md. 45-6; Am. Cor. Co. vs. Wood, 19 C. C. A. 267 (73 Fed. R. 81); Am. Cr. Co. vs. Carr. F. Co., 36 C. C. A. 673; Kimball vs. Ins. Co., 9 Allen 543; Jennings vs. Ins. Co., 2 Denio 79-80; McVey vs. Order U. M., 53 N. J. L. 20; Goddard vs. Ins. Co., 67 Tex. 71; Ins. Co. vs. Day. 39 N. J. L. 94.

The bond includes, of course, not only the terms expressly set out on its face, but also such extraneous papers as by adequate reference are incorporated into and made part of it, but nothing else.

*Warranties must be part of the contract*, and therefore, in this case, part of the bond. Statements may be warranties under the preliminary agreement, and it may also be agreed therein that such warranties shall form part of the contract, but they will not be warranties under the completed contract unless made so by the express terms of the policy or bond, or unless such answers and agreement have, by sufficient reference, been made part of the policy or bond *by the terms of the latter.*

Brashears' case, 89 Md. 632; Bank vs. Ins. Co., 95 U. S. 675; Ins. Co. vs. Raddin, 120 U. S. 190; Campbell's case, 98 Mass. 389; Daniels vs. Ins. Co., 12 Cush. 423; Queen Ins. vs. May, 35 S. W. 831; Price vs. Ins. Co., 17 Minn. 497-503; Ins. Co. vs. Day, 39 N. J. L. 89; Kimball vs. Ins. Co., 9 Allen 543; Chrisman vs. Ins. Co., 16 Oregon 283; Ins. Co. vs. Southard, 8 B. Mon. 637; Burritt vs. Ins. Co., 5 Hill 188-190; Wall vs. Ins. Co., 14 Barb. 383; May, Ins., Sec., 164; 3 Joyce, Sec. 1944-1949; Frost Guar. Ins. 156.

The only reference in the bond to the answers is, that a statement with the caption mentioned had been delivered by the council. to the defendant, and that in consideration of the premium, "and upon the faith of the said statement," it is agreed, &c. Whatever the "statement" may include, this reference, under the authorities just cited and others to be cited, utterly fails to make it a part of the bond.

"It is a well settled rule that an express warranty must appear upon the face of the policy, or be clearly incorporated therein and made a part thereof by explicit reference, or by words clearly evidencing such intention." 3 Joyce, Sec. 1956-1958; 2 Joyce, Sec. 1852.

Courts have been reluctant to import warranties contained in the application into the completed agreement, unless the *policy* clearly manifested the agreement of the parties to the union of the papers in one contract." Am. Cr. Co. vs. Carr. F. Co., 36 C. C. A. 676 (95 F. R., 111).

"The policy is the contract and, if outside papers are to be imported into it, this must be done in so clear a manner as to leave no doubt of the intention of the parties." Goddard vs. Ins. Co., 67 Texas 71.

In Ins. Co. vs. Day, 39 N. J. L. 92-94, it was agreed in the application, that the answers should be "the basis and form part of the contract or policy;" the policy declared that it was issued "in consideration of the representations made" and of the premium; it was held that the reference was not sufficient to make the answers or agreement part of the policy. See, also, May, Sec. 164, Ins. Co. vs. Robertson, 59 Ill. 126.

But, after the decision in Ins. Co. vs. Raddin, 120 U. S. 183, the insufficiency

of the reference in this bond does not seem to be an open question. In that case it was agreed in the application (187) that it should "form the *basis of the contract.*" The policy (186) was "*in consideration of the representations made in the application,*" and of the premium, and it was issued on condition that, if any of the statements made in the application, "*upon the faith of which* this policy is issued" should be untrue, the policy would be void. It was held that the reference was insufficient to make the answers a part of the policy (p. 190).

In many of the authorities above cited the policy was issued on "the faith of," or "on the basis of," the application, but in no one of them was such a reference alone regarded as sufficient to make the application a part of the policy.

With one exception no case has been cited in which a reference in the words "upon the faith of" has been held to be sufficient to make the preliminary paper a part of the bond or policy. This one exception, which is relied on by defendant with much confidence, is the case of Rice vs. Fidelity and Deposit Co., 43 C. C. A. 270 (103 F. R., 427).

In that case the preliminary agreement was the same as in this case, and I am informed by counsel that the terms of the bond were the same. Except on the sufficiency of the reference, Rice's case is in accord with the authorities heretofore cited, but on this one point, so far as I can discover, it stands alone. It holds that "the crucial distinction between a representation and a warranty is that the one is not, and the other is, a part of the contract." But in discussing the question whether the answers and agreement were part of the final contract or not, the court says (432), that "the parties *expressly agreed in writing* that the statement of the employers *was a part of their contract.*" In fact, no such provision can be found in either the bond or preliminary agreement.

It further says that, a written statement by the employers * * * "which the parties *expressly agree,* by the statement itself and *by the bond,* shall be the basis of the latter, and a *condition precedent to a recovery* upon it, is of the nature of a warranty"—432. There is *no such stipulation in the bond.* The bond makes certain provi-

sions condition precedent, but it does *not* make the *answers in the statement* conditions precedent. I cannot understand how the papers in question could have been described by the court in the language used. One provision is not in either paper; the other is to be found only in the preliminary agreement. The decision, however, was that the answers and agreement were part of the contract, but I cannot follow it, because it is contrary to the authorities, and, from an extensive examination of the cases, I do not think another one can be found in which a preliminary paper has been incorporated into a policy or bond, on the mere statement in the latter that it was made "upon the faith" of such paper.

There are numerous cases, several of which are cited by defendant, in which the answers or statements were made material *by the terms of the policy*, although the preliminary agreement as to their effect was not made a part of the policy. They are cases where the policies were issued, for instance, on the faith of the application *and* on the *express condition* that the statements made in the application were in all respects true, and that the policy should be void if any of them were untrue; or upon conditions of a like character. Insurance Co. vs. Wise, 34 Md. 582, was such a case. In that case the condition in the policy was, "if the declaration made by or for the assured, and upon the faith of which this agreement is made, shall be found in any respect untrue, then in such case this policy shall be null and void." Campbell vs. Ins. Co., 98 Mass. 381, and Anderson vs. Fitzgerald, 4 H. of L. 484, both approved in 34 Md. 597, were cases of the same character. On page 496 of 4 H. of L., Baron Parke, speaking for all the judges (their opinion being approved by the House of Lords) says, the question is not one of representation or warranty, or whether the declaration has been made part of the policy or not, but is as to the operation of the conditions in the proviso of the policy on the statements made.

But in all this class of cases the statements are made material by the *conditions of the policy*. In this case, however, there is no similar condition in the bond.

It contains no condition whatever in respect to the answers.

As I have already indicated the answers of the council and the preliminary agreement, in my opinion, are not part of the bond, and the answers therefore cannot be warranties; neither can the answers be regarded as representations made material by the contract of the parties, because, the agreement not being a part of the bond, there is nothing in the bond which makes them such.

The demurrers to the replications mount, of course, to the first error in the pleadings, and the several pleas which set up breaches of supposed warranties, that is, the second to the eighth inclusive, are therefore bad in substance, and I will sign an order to that effect. The demurrer to the first replication to the ninth plea will be overruled. The tenth plea has been withdrawn, and the demurrers to the replications to that plea fall with its withdrawal.