The Penn Mutual Life Insurance Company

$v.$

Anna C. Keach.

*Filed at Springfield November 1, 1890.*

1. Instructions — *technical inaccuracies — looking to the series.* Where, taking all the instructions as a series, it appears that the law has been fully and fairly given, the judgment will not be reversed for mere technical inaccuracies in some of the instructions given, not calculated to mislead, nor for the refusal of instructions asked which were not required, in view of those given.

2. Practice—*special questions to jury.* There is no error in refusing to submit special questions of fact to the jury for answer, when such answers, if returned, would settle nothing.

Writ of Error to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Greene county; the Hon. George W. Herdman, Judge, presiding.

Mr. H. H. C. Miller, and Mr. James R. Ward, for the plaintiff in error.

Mr. Henry C. Withers, and Messrs. Palmer & Shutt, for the defendant in error.

Per Curiam : This was an action brought by Anna C. Keach, against the Penn Mutual Life Insurance Company, to recover the amount of a policy of insurance on the life of her husband, John R. Keach. The plaintiff set out the policy in the declaration, and in addition to the usual averments the declaration contained the following : "And the plaintiff avers that the said John R. Keach, during his lifetime, at all times complied, on his part, with all the covenants and conditions imposed upon him by the terms and provisions of said policy, and paid all premiums required to be paid by him except the premium of

$82.90 becoming due May 5, A. D. 1888; and the plaintiff avers that the payment of said premium, in cash, on the 5th day of May, A. D. 1888, was waived by said company, and postponed to a period of time beyond the date of the death of the said John R. Keach, and at the death of said John R. Keach the said policy was in full force."

The assured died on the 27th day of July, 1888. The policy was dated November 5, 1885, for $5000, and was issued upon the following among other conditions:

"*First*—The payment to the company, at its said home office, of the eighty-two and ninety one-hundredths dollars ($82$\frac{90}{100}$) at the date hereof, and of the quarter-annual premium of eighty-two and ninety one-hundredths dollars ($82$\frac{90}{100}$) at or before three o'clock P. M., on the 5th day of November, February, May and August in every year during the continuance of this contract."

The premium due May 5, 1888, was not paid, and in order to recover it became necessary to prove, on the trial, that prompt payment was waived and postponed, as alleged in the declaration.

Whether the payment of the premium of May 5 was waived and postponed was a question of fact, upon which much evidence was introduced by the respective parties on the trial in the circuit court. Upon the evidence introduced on the trial the jury found in favor of the plaintiff, and the court rendered judgment on the verdict. On appeal to the Appellate Court the facts were reviewed, and the judgment of the circuit court was affirmed. That judgment is conclusive on controverted questions of fact. Those questions, however, have been again discussed in the argument filed in this court, but as we do not review controverted questions of fact, that branch of the argument will not be considered. It is not claimed that there was any substantial error in the ruling of the circuit court in the admission or exclusion of evidence, nor do we find any error in that regard in the record. The only question, therefore, to

be considered here is, whether the circuit court ruled correctly in giving and refusing instructions.

The only controverted question of any importance on the trial was, whether the defendant company had waived and postponed the payment of the premium falling due, by the terms of the policy, May 5, 1888, and but few instructions were required to place this question in a proper light before the jury. The court, however, gave nine instructions on behalf of the plaintiff, and five on behalf of the defendant. We have carefully examined all the instructions, and, taken as a. series, we think the law involved in the case was fully and fairly given to the jury. In those given for the plaintiff, technical inaccuracies may be found; but they contain nothing calculated to mislead the jury or prejudice the rights of the defendant. The court refused three instructions asked by the defendant, but the law was so fully stated on behalf of defendant in the instructions given, particularly in No. 2, that the giving of other instructions was not required. Nor was the refusal of the instructions error which should lead to a reversal of the judgment.

Complaint is also made that the court refused to instruct the jury to return answers to five special interrogatories or questions submitted by the defendant. Had answers been returned by the jury to the questions propounded, such answers, of themselves, would have settled nothing, and under the rule in *Chicago and Northwestern Ry. Co.* v. *Dunleavy*, 129 Ill. 132, the court did not err in refusing to submit the questions to the jury.

The judgment of the Appellate Court will be affirmed.

                                        *Judgment affirmed.*