## Dubuque Fire and Marine Insurance Co. v. John H. Oster.

1. FORFEITURES—*In Policies of Insurance.*—Provisions of forfeitures in insurance policies, made for the benefit of the insurer, are easily waived, and if the practice of an insurance company and its course of dealing with its policyholders and others, known to such policyholders, has been such as to induce a belief that so much of the contract as provides for a forfeiture in a certain event will not be insisted upon, the company will not be allowed to set up such forfeiture as against one in whom their conduct has induced such a belief.

2. NOTICE—*Under Statutes Providing for Forfeitures of Insurance Policies.*—Where a notice is given under the provisions of a statute for the purpose of putting the holder of an insurance policy in default and declaring a forfeiture, such notice must conform to the requirements of the statute or it will be void.

3. PROMISSORY NOTES—*Governed by the Law of the Place Where Payable.*—The law of the place where a promissory note is payable governs as to the time and mode of payment, and also as to the manner of payment, protest and giving notice.

4. CORPORATIONS — *Derivation of Powers.* — When a corporation derives its powers and has existence from and under the laws of a State, it should be governed by the laws of such State in any other where it does business by courtesy. It has no powers other than those given by the laws of the State, under which it is organized.

Assumpsit, on a policy of insurance. Appeal from the Circuit Court of Jo Daviess County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 17, 1897.

SHIELDS, MATTHEWS and W. SPENSLEY, attorneys for appellant.

A promissory note made in Indiana and not negotiable

by the laws of that State, may, if negotiable under the laws of Illinois, be enforced in the courts of the latter State by an indorsee the same as if made in Illinois. Hakes v. The National Bank of Terre Haute, 61 Ill. App. 501.

Where an application for insurance is made in one State by a citizen thereof, through agents located therein, to a company of another State, the policy, though actually issued in such other State, to take effect on the payment of the first premium, and the policy is delivered and premium paid in the State where the application is made, the law of that State governs the interpretation and force of the contract. Mutual Benefit Life Ins. Co. v. Robinson, 54 Fed. Rep. 580.

Where the application and premium note are taken by the company's agent in Massachusetts, and by him sent to the home office in Iowa, where they are accepted and the policy is executed, the said policy being delivered in Massachusetts, the business affecting the insurance is done in Massachusetts. Reliance Mutual Insurance Company v. Sawyer, 36 N. E. Rep. 59; Equitable Life Assurance Society v. Clements, 140 U. S. 226.

D. & T. J. SHEEAN and J. M. SHEEAN, attorneys for appellee.

The acts of parties performed under a written contract will be given effect by the court as placing a construction upon the contract. Lyles v. Lesher, 7 West. Rep. (Ind.) 51.

The practical interpretation of a contract by the parties is entitled to controlling influence. Topliff v. Topliff, 122 U. S. 121; Chicago v. Sheldon, 9 Wall. 50; Stone v. Clark, 1 Met. (Mass.) 378.

" A condition in a policy of life insurance that it shall be void if the annual premium is not paid on or before the time specified, being one for the benefit of the insurance company, may be waived by it, and if waived, the policy will not become void on non payment at the day specified, and may be enforced. If the practice of an insurance company, and its course of dealing with the insured, and others known to the insured, has been such as to induce a belief

that so much of the contract as provides for a forfeiture in a certain event will not be insisted on, the company will not be allowed to set up such forfeiture as against one in whom their conduct has induced such belief." Chicago Life Ins. Co. v. Warner, 80 Ill. 410.

" Where the practice of an insurance company and its course of dealing have been such as to induce the belief that so much of the contract as provides for a forfeiture in a certain event will not be insisted upon, the company will not be allowed to set up such forfeiture as against one in whom their conduct has induced such belief." Penn Mutual Life Ins. Co. v. Keach, 32 Ill. App. 427; 134 Ill. 583.

A life insurance policy containing references to the statutes of the State in which it was executed, and in which the company keeps its principal office, and providing that the premiums and loss shall be paid there and transmitted by mail to the company's agent in another State, where the application was made, and where the insured and the beneficiary reside, is governed by the law of the former State. Milhous v. Johnson, 4 N. Y. S. 199; American Digest (1889) 559, Sec. 26.

"It is a principle adopted everywhere that the nature, validity and interpretation of contracts must be governed by the laws of the country where they are made, or are to be performed." Evans v. Anderson, 78 Ill. 558.

"If an agent in one State of an insurance company, resident of another, forwards the requisite papers to the home office, and a policy is thereupon issued and mailed directly to the applicant, the contract is a contract made in the State where the home office is situated." May on Insurance, 68 (Edition 1873).

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit on an insurance policy issued by appellant to appellee. It was issued in Dubuque, where the home office was situate, in Iowa, February 12, 1894.

The insurance company was organized and received its charter under the laws of that State.

The policy under which the insurance was made was sent to one of appellant's agents at East Dubuque, in the State of Illinois, and there delivered by such agent to the appellee, who was a resident of the place.

There was $30 of the premium paid at the time of the issuance of the policy, and note given by appellee for $90, due in installments, respectively $30 each, February 1, 1895, February 1, 1896, and February 1, 1897, and the note was dated February 12, 1894.

The insurance policy covered appellee's one-story shingled roof frame building, occupied by him as an agricultural implement store and office, in East Dubuque, Jo Daviess county, Illinois, $500, and his office furniture therein $100, and his agricultural implements usually kept for sale therein $900. The entire amount of the insurance was for $1,500, and was to continue until February 12, 1898, a term of four years, but at the date of the said note each installment of premium was extended sixty days from the time due.

The building, office furniture and agricultural implements were destroyed by fire April 22, 1895, and appellee sustained loss to the full amount of the insurance of each item insured.

The cause was tried by a jury and resulted in a verdict of $1,400 for appellee, and judgment was rendered thereon by the court, after overruling motion by appellant for a new trial.

From such judgment this appeal is taken to this court. The insurance policy sued on has a clause in it, among many other numerous provisions to same effect, rendering the policy void " if the premium note given for the payment of the premium or any part thereof shall be due and unpaid at the time of the loss," and the declaration avers that there was no premium note " given for the payment of the premium or any part thereof due and unpaid at the time of said loss except by the consent of the defendant."

It appears from the evidence that at the time of the fire neither of the installments mentioned in the premium note was paid, notably the one due sixty days after February 1,

1895, and this is the main cause assigned by the appellant for a bar to the action and a reversal of the judgment herein.

It appears that allowing the extension of sixty days from the 1st day of February, 1895, which was allowed at the time the premium note was executed, the time the said installment became due was April 2, 1895, and the fire occurred April 22, 1895.

It is therefore insisted that there was a forfeiture on the part of appellee of his right of recovery on the policy for the reason that the premium note or the installment due April 2, 1895, was unpaid.

There is no dispute but that notice and proof of loss was given and made in proper time by the appellee. The statute of Iowa provides, General Sections 1729, 1730, 18 G. A. Ch. 210, Sections 1 and 2 of McClain's Code of Iowa:

1729. How effected—(18 G. A., Ch. 210): "In every instance where a fire insurance company or association doing business in this State shall hereafter take a note or contract for the premium on any insurance policy, or shall hereafter take a premium note or contract which, by its terms, or by any agreement or rule of the company or association, is assessable for the premium due on the policy for which it is given, such insurance company or association shall not declare such policy forfeited or suspended for non-payment of such note or contract, except as hereinafter provided, anything in the policy or application to the contrary notwithstanding."

1730. Notice—(19 G. A., Ch. 210, 2): "Within thirty days prior to, or at any time after the maturity of any note or contract, whether assessable, or where the time of payment is fixed in the contract given for the premium on any policy of insurance, such company or association may serve a notice, in writing, upon the insured, that his note, or an installment thereof, is due, or to become due, stating the amount which will be due on the note or contract, and also the amount required to pay the customary short rates, including the expense of taking the risk up to the time the

policy will be suspended under the notice in order to cancel the policy, and that, unless the payment is made within thirty days, his policy will be suspended. Such notice may be served personally or by registered letter addressed to the assured, at his postoffice address named in or on the policy, and no policy of insurance shall be suspended for non-payment of such amount until thirty days after such notice has been served."

The appellant recognized the existence and binding force of the above statute of the State of Iowa, and wrote out and directed to appellee, at his postoffice address, East Dubuque, Ill., a notice, and placed in the postoffice at Dubuque, Ia., which was duly admitted in evidence, and is as follows:

"DUBUQUE FIRE AND MARINE INSURANCE COMPANY.

Dubuque, Iowa.

J. J. LINEHAN, President.        N. J. SCHRUP, Secretary.

February 25, 1895.

JOHN H. OSTER, East Dubuque, Jo Daviess County, Illinois.

DEAR SIR:   An installment of your note 1295, given to this company for insurance under policy No. 33,735, will be due February 1, 1895.   Amount $30.00.

Please remit the full amount on or before its maturity, by bank draft, registered letter, postoffice order, or by express.

Unless this installment is paid within thirty days from the mailing of this notice, your policy will be suspended, according to the provisions of Chapter 210, Laws of 1880, and we will be compelled to place your note in the hands of an attorney for collection, thus making you additional expense, which we trust will be avoided.

Special Notice.—No agent or other person is authorized to collect or receive payment on said note unless he has the note in his possession at the time; and any payment made to such agent or person will not be recognized by this company.

Very truly yours,

N. J. SCHRUP, Secretary."

"NOTICE REQUIRED BY LAW.

The following figures are given to conform to and satisfy the requirements of the statute passed by a recent legislature, which also requires us to transmit this notice by registered letter as a protection to the company.

If you desire to cancel this policy it will be necessary for you to pay short rates and expenses, which amount to $54, and send your policy with such remittance; but if you wish to keep your policy, then you must send the amount stated on the other side of this circular.

N. J. SCHRUP, Secretary."

The above notice was sent from Dubuque, Ia., in a registered letter, and placed in the latter named postoffice, and the receipt of the letter dated the same date of the notice, February 25, 1895, purported to be signed by appellee, offered in evidence, but for some reason ruled out by the court, perhaps because appellee's signature was not proven. But the evidence showed that the letter was placed in the Dubuque postoffice on the date of its date, and as the two places, Dubuque, Ia., and East Dubuque, Ill., are only a short distance apart, the presumption would be that appellee received the notice the same or the next day.

The notice conforms to the Iowa statute in every particular except that, by some error in the secretary of the company (appellant) it is stated that the $30 installment was due February 1, 1895, when in fact by reason of the extension it was due April 2, 1895, and the further fact that the installment of the premium being due by the extension of sixty days from the time mentioned in the note, April 2, 1895, the notice would not be given within thirty days prior to the time the installment became due, but from the date of the notice, February 25, 1895, to April 2d of the same year, it would be thirty-seven days, and the notice failed to be legal under the other provision of the statute permitting the notice to be given after the installment for premium in the note as fixed by the extension became due. Therefore, while the appellee was notified by the notice given that the appellant relied on a notice to be given under the statutes

of Iowa quoted, the notice, by mistake of appellant, did not in the time it was given conform to such statute, and as a legal notice was void.

If the installment of premium had been due February 1, 1895, as appellant supposed when the notice was given, the appellee would have had more than thirty days in which to pay it after it became due, not only twenty-five days from February 1st to February 25th, but thirty days in addition from the date of the notice.

As it was, appellee was required by the notice to pay the installment six days before it was due, in accordance with the terms of the agreement to extend.

Notwithstanding this abortive attempt to put the appellee in default, and to declare his policy of insurance void by reason of non-payment of this installment of premium, we think that the appellee was justified in believing that the appellant did not intend to declare the policy void in any other mode than in accordance with the statute of Iowa. Provisions of forfeiture in an insurance policy made for the benefit of the company are easily waived by it. The Supreme Court and Appellate Court have held that "If the practice of an insurance company, and its course of dealing with the insured and others known to the insured, has been such as to induce a belief that so much of the contract as provides for a forfeiture in a certain event will not be insisted on, the company will not be allowed to set up such forfeiture as against one in whom their conduct has induced such belief." Chicago Life Ins. Co. v. Warner, 80 Ill. 410; Penn Mutual Life Ins. Co. v. Keach, 32 Ill. App. 427; same, 134 Ill. 583. And further, this was the interpretation put upon the contract by appellant. Lyles v. Lester, 7 West. Rep. (Ind.) 51.

We think that the giving of the notice showing a reliance of appellant on the statute of Iowa to put the appellee in default. and declare a forfeiture was well calculated to induce a belief in the mind of appellee that no other means would be resorted to by it.

We have considered the case as though the entire contract was an Illinois contract and not an Iowa contract;

we will now consider the question here raised whether the contract was or was not an Iowa contract so far as the forfeiture for non-payment of the installment in the premium note was concerned. We need not consider whether it might not be an Illinois contract concerning other matters in the policy.

The note was unquestionably, as to its payment, which directly affected the clause of forfeiture, an Iowa contract, and when the note became due, and each installment, was governed by the laws of that State. It was payable by its terms at the home office of the appellant in Dubuque, Ia.

"The law of the place where the notes were payable we consider governed as to time and mode of payment, manner of payment, protest and giving notice." Daniel on Notes and Bills, 344, 345; 1 Daniel on Negotiable Instruments, Sec. 911, 912; Wooley v. Lyon, 117 Ill. 248; Guignon v. Union Trust Co., 156 Ill. 135.

Therefore we think the time when the premium note became due, and each installment thereof, was governed by the two sections of the Iowa statute above quoted.

The following is another provision of the Iowa statute : General Section 1733, Sec. 2, Chap. 211, 18 G. A. Vol. 1, 1888, McLean's Code, Iowa.

"1733.  Copy of application—(18 G. A., Ch. 211, 2).  All insurance companies or associations shall, upon the issue or renewal of any policy, attach to such policy, or indorse thereon, a true copy of any application or representation of the assured, which, by the terms of such policy, are made a part thereof, or of the contract of insurance, or referred to therein, or which may in any manner affect the validity of such policy.  The omission so to do shall not render the policy invalid, but if any company or association neglects to comply with the requirements of this section, it shall forever be precluded from pleading, alleging or proving such application or representations or any part thereof, or falsity thereof, or any parts thereof, in any action upon such policy, and the plaintiff in any such action shall not be required, in order to recover against such company or asso-

ciation, either to plead or prove such application or representation, but may do so at his option."

The Supreme Court of Iowa has held, "where a past due premium note was set up to defeat a policy, held, that it could not have that effect, since a copy of it was not attached to the policy as required by statute." Lewis v. The Burlington Ins. Co., 71 Ia. 97.

In this case no such copy of the note was attached to the policy, and under the Iowa statute no claim of forfeiture could be set up in order to defeat recovery under the policy.

There is some conflict of authority as to whether, under the evidence, the policy itself is an Illinois or an Iowa contract.

It seems to us that where a corporation derives its powers and has existence from and under the laws of any State, that it should be governed by those laws in any other State where it does business by courtesy. The corporation has no powers other than those of the State under which it is organized. Mutual B. L. Ins. Co. v. Wise, 34 Md. 597; McKim v. Glenn, 66 Md. 479; Fidelity Mutual Ins. Assn. v. Ficklin, 21 Atl. Rep. Md. 680.

But whether we are right in this proposition or not, we think the appellant under the evidence is estopped from setting up the non-payment of the installment of the premium in the note in question.

Taking this view of the question the recovery was right without regard to the other questions in the case.

The judgment of the court below is therefore affirmed.