**Mary A. Mulligan, Appellee, v. Metropolitan Life Insurance Company, Appellant.**

1. VERDICTS—*when not disturbed.* A verdict will not be set aside as against the weight of the evidence unless clearly and manifestly so.

2. INSURANCE—*when condition requiring payment of premium waived.* If the agent of the company agree that the premium might be paid in weekly installments, the condition of the policy requiring actual payment and acceptance of the full semi-annual premium before the same should become effective, is thereby waived.

3. INSURANCE—*when policy effective before delivery.* If the actual payment of the premium in advance as provided by the policy is waived by an agreement, receipt of such policy by the agent of such company who has made such agreement, for the purpose of delivery to the assured, is tantamount to a delivery to such insured and the policy is effective.

4. VARIANCES—*when must be pointed out.* A variance between the declaration and proof must be pointed out during the trial; otherwise it is waived.

Assumpsit. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed December 23, 1908. Rehearing denied and opinion modified May 21, 1909.

CONKLING & IRWIN, for appellant.

S. H. CUMMINS, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action upon a life insurance policy issued by the appellant company to Marshall E. Mulligan under the terms of which appellee, the mother of the assured, was the beneficiary. The cause was tried by the court without a jury, resulting in a finding for the plaintiff and judgment in her favor for the sum of $495.48. The evidence shows that on April 9, 1907, the assured made application for a policy in the appellant company in the sum of $500; that a policy was issued by it thereunder at the home office in New York City, on April 15, 1907, and forwarded to the local office of the company in Springfield, Illinois. By the terms of the application and policy a semi-annual premium of $6.51 was to be paid upon the delivery of the policy to the assured.

There is evidence tending to show that when the policy was received by the assistant superintendent at the latter city, it was delivered to Cole, the agent who solicited and obtained the application, for the purpose of delivery to the assured; that on April 23, 1907, appellee paid to Young, an agent of the company, the sum of one dollar, and received from him a receipt which recited that the same was received as a deposit to be applied on account of premium on policy, without describing the same; that on April 27, 1907, the assured died as the result of a surgical operation. The

policy never actually came into the possession of the assured nor anyone for him, and it is insisted by appellant that neither the assured nor appellee was ever entitled to receive the same, nor was appellant under any obligation to deliver it, for the reason that the first semi-annual premium was never paid. Appellee's contention is that the assured so far complied with his contract as to entitle him to the possession of the same.

The testimony of appellee and her husband tended to show that the agent, Cole, at the time he accepted the application, agreed with the assured that he might pay the first premium in weekly installments, and that the policy would be delivered when it reached Springfield. Cole testified that before signing the application the assured asked him how long he would have in which to pay the first premium, and that he informed him that about ten days would elapse before the arrival of the policy and that he would thus have six weeks in which to pay it; that if he paid a dollar down and a dollar a week until the policy arrived, or until the policy would have to be sent back, he would have the entire premium paid; that the sooner he paid the premium and got the company's official receipt, the sooner the policy would be in force, but that the policy would not be in force until the premium was paid.

The trial judge who saw and heard the witnesses, seems to have credited the testimony of appellee and her husband and disbelieved that of Cole. The issue was purely one of fact. We are unable to say that the finding of the judge, which is entitled to the same weight as the verdict of a jury, was manifestly against the weight of the evidence, and we are therefore bound by his conclusions.

If Cole agreed that the premium might be paid in weekly instalments the condition of the policy requiring actual payment and acceptance of the full semi-annual premium before the same should become effect-

ive was thereby waived. Ins. Co. v. Keach, 32 Ill. App. 427; S. C. 134 Ill. 583; Hancock Ins. Co. v. Schlink, 175 Ill. 284; Berliner v. Ins. Co., 121 Calif. 451; Dunn v. Ins. Co., 39 Atl. Rep. 1075.

In view of such agreement the receipt of the policy by Cole for the purpose of delivery to the assured was tantamount to a delivery to him, notwithstanding Cole, in fact, never parted with its possession, and although by its terms actual delivery and payment of the first premium were essential to render the same operative. Ins. Co. v. Babcock, 104 Ga. 67; May on Insurance, sec. 60; Joyce on Insurance, sec. 95; Ins. Co. v. Thomson, 94 Ky. 253; Ins. Co. v. Schlink, *supra.*

Having failed during the trial to point out with sufficient particularity the alleged variance between the declaration and the proof and thus afforded appellee an opportunity to amend her declaration, appellant cannot now raise the question. Transp. Co. v. Sugar Co., 228 Ill. 121.

We have considered the other errors assigned and are of opinion that the same are without merit. We find no prejudicial error in the rulings of the court upon the admission of evidence or the propositions of law.

The judgment will be affirmed.

*Affirmed.*