## Ira Cox, Defendant in Error, v. The American Insurance Company, Plaintiff in Error.

1. INSURANCE, § 149*—*when provision in policy exempting from liability while premium note remains past due and unpaid is waived.* A provision in a fire insurance policy that the company shall not be liable for any loss that may occur while any premium note remains past due and unpaid is waived where the company, with knowledge of the fact that a premium note was due and unpaid at the time of the loss, sends an adjuster to negotiate with the insured, and the adjuster discusses the loss with the insured, places valuations on various items of the list of personal property destroyed and then when the insured would not sign a nonwaiver agreement refused to proceed further with the adjustment.

2. INSURANCE, § 684*—*when question of waiver of condition of forfeiture is for court.* While the question of waiver of a condition of forfeiture is usually a question of fact for the jury, yet if there is no conflict in the evidence on that subject it becomes a question of law for the court.

3. INSURANCE, § 321*—*what constitutes waiver of breach of condition in policy.* There is a difference between a waiver and an estoppel. A waiver of a breach of a condition in an insurance policy does not require the company to do anything to the disadvantage of the insured.

4. INSURANCE, § 321*—*when insurer estopped to insist on forfeiture.* Forfeitures are not favored in law, and an insurance company is estopped to insist on a forfeiture, if after the cause of forfeiture accrues it treats with the insured in such a manner as to recognize the policy as still in force.

5. INSURANCE, § 328*—*provisions in policy which may be waived.* A provision in a policy for insurance that it shall become void in

a certain event will not render the policy absolutely void upon the happening of such event; such a provision being for the benefit of the insured it may be waived.

6. INSURANCE, § 693*—*sufficiency of instruction on waiver of condition of forfeiture.* An instruction informing the jury that a fire insurance company is estopped to insist on a forfeiture of a fire insurance policy, if after the cause of forfeiture the insurance company treats or acts with the insured in such manner as to recognize the policy as still in force, *held* erroneous in omitting the element of knowledge to the company of the cause of forfeiture, but *held* not reversible error where the instructions as a series fully informed the jury on what constituted waiver.

Error to the Circuit Court of Greene county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

BATES, HARDING, EDGERTON & BATES and F. A. WHITESIDE, for plaintiff in error.

RAINEY & JONES and MARK MEYERSTEIN, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in *assumpsit* brought by Ira Cox against The American Insurance Company of Newark, New Jersey, upon a policy of insurance issued by it to plaintiff on December 16, 1910. The policy of insurance sued upon is set out *in haec verba* in the declaration and contains the following provisions: "In consideration of a note for $75 due May 1, 1911, The American Insurance Company does insure Ira Cox and his legal representatives against loss and damage by fire, lightning, windstorms, cyclones and tornadoes, to the amount of $2,500, as follows: $1,500 on dwelling house No. 1; $500 on household furniture, useful and ornamental, including certain enumerated articles; $500 on barn." "It is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

note or part thereof, or order given for the premium, remains past due and unpaid, and in case of default in payment at maturity of any note or part thereof, or order given for the premium, the whole premium shall be deemed fully earned, and shall at once be due and collectible, and the collection, whether by legal process or otherwise, payment or receipt of payment thereof, shall in no case revive or create any liability against this company for loss occurring while the assured was so in default. The payment of the premium, however, revives the policy and makes it good for the balance of its term.'' The policy contains the usual provisions for notice, proof of loss and for an examination of the assured under oath by any person appointed by the company and for appraisement in the event of disagreement. The house and personal property were destroyed by fire on June 30, 1911; the barn was not destroyed. The defendant filed the general issue with notice of special matter in defense; that the note for the sum of $75 given for the premium on the policy and payable May 1, 1911, was past due and unpaid on June 30, 1911, the date of the fire, and by reason thereof the defendant is not liable for the loss. On the trial a jury returned a verdict for plaintiff for $2,000, on which judgment was rendered and the defendant has sued out a writ of error to review the judgment.

The principal contention of plaintiff in error is, that by reason of the condition of the policy, that the company shall not be liable for any loss that may occur while the note for the premium was past due and unpaid, and the evidence showing that the note was past due and unpaid at the time of the fire, therefore the plaintiff in error is not liable on the policy and that the judgment cannot be sustained. The defendant in error contends that the plaintiff in error, with full knowledge that the premium note was not paid at the time the fire occurred, thereafter treated with the insured as though the policy was in full force and thereby waived its right to deny its liability under the pol-

icy. The question of the right of defendant in error to recover is raised by the refusal of the court at the close of all the evidence to direct a verdict for the plaintiff in error.

The note is by its terms non-negotiable and is payable at the People's Bank at White Hall. On April 28, 1911, plaintiff in error sent it to the People's Bank at White Hall for collection. The bank, as agent for plaintiff in error, held the note until July 16, when the defendant in error paid it and a draft for $74.75 was forwarded to plaintiff in error by the bank. The company returned the draft to defendant in error in a letter dated July 21, stating that the company "would only accept it with the understanding that its receipt would not be considered as a waiver of the forfeiture incurred by the non-payment of the note due at maturity,—in any way recognizing the recent loss."

Defendant in error testified that the agent of the company was notified of the fire the evening it occurred and it is admitted on the record that "Mr. Ferguson, the agent of The American Insurance Company, was notified of the fire within a day or two after the fire."

Mr. Foltz testified that he resides at Rockford, Illinois; that he has exclusive charge of the loss department of plaintiff in error; that he was advised of the loss about July 5, and that he got the information from Ferguson. On July 12, 1911, C. E. Sheldon, manager of the western department of appellant Company, wrote a letter to defendant in error from Rockford, Illinois, while the note was at the bank, at White Hall, requesting payment of the note at once to avoid expense. On July 14, 1911, Foltz acknowledged receipt of the formal notice of loss and advised the defendant in error by mail that the company's adjuster, Mr. Aldrich, would call on him early the next week in reference to the loss. On July 18, the adjuster called at the Cox farm, inspected the ruins, talked with Cox about the

loss, examined the list of personal property destroyed that had been made out by defendant in error, discussed the values and placed a valuation on the items of the list of goods destroyed. Defendant in error then showed the adjuster the note which showed when it was paid. The adjuster then asked the defendant in error to sign a non-waiver agreement, which defendant in error refused to do. The adjuster then burnt the paper he had prepared and declined to submit proofs of loss and took no further action, but wrote to the manager of the company at Rockford for advice, advising the company that Cox had received a notice urging payment of the note some time after the company had notice of the fire and had paid it at the bank. This letter was received at the company's office July 20. On July 19, Foltz wrote to defendant in error that under the terms and conditions of the policy the contract of insurance was suspended during the period of nonpayment of the note after maturity, that the company was not liable and the adjuster would not call on him, and if he should pay the note and the amount was received by the company it would return the payment unless defendant in error should advise the company he desired the policy reinstated on property not destroyed for the unexpired term. The facts as stated are not controverted, and it is on these facts that plaintiff in error insists the court erred in refusing to give the peremptory instruction requested.

While a question of waiver is usually one of fact for a jury, yet, if there is no conflict in the evidence on that subject, it becomes a question of law to be determined by the court. A provision in a policy in insurance that it shall become void in a certain event will not render the policy absolutely void upon the happening of such event; such a provision being for the benefit of the insurer, it may be waived by the latter. "Any acts, declarations or course of dealing, by the insurers, with knowledge of the facts constitut-

ing a breach of a condition in the policy, recognizing and treating the policy as still in force, will amount to a waiver of the forfeiture, and estop the company from setting up the same as a defense." *Manufacturers & Merchants Ins. Co. v. Armstrong*, 145 Ill. 469; *Dwelling House Ins. Co. v. Dowdall*, 159 Ill. 179. Forfeitures are not favored in law, and an insurance company is estopped to insist upon a forfeiture of a policy, if after the cause of forfeiture accrues, it treats with the insured in such manner as to recognize the policy as still in force. *Bennett v. Union Central Life Ins. Co.*, 203 Ill. 439; *Rosater v. Peoria Life Ass'n*, 149 Ill. App. 536.

There is a difference between a waiver and an estoppel. A waiver of a breach of a condition of a policy does not require the company to do anything to the disadvantage of the insured. 40 Cyc. 256. Provisions of forfeiture in an insurance policy made for the benefit of the insured are easily waived by it. *Dubuque Fire & Marine Ins. Co. v. Oster*, 74 Ill. App. 139.

The plaintiff in error had notice of the loss immediately after the loss occurred. The head of the loss department knew of the loss on July 5, and on July 12, plaintiff in error by its manager notified defendant in error that he must pay his note at once to save costs, and on July 14, the manager advised the defendant in error that its adjuster would be there within a week. The adjuster did call on July 18, and discussed the loss with defendant in error, put valuations on the items of personal property destroyed and then, when the insured would not sign a non-waiver agreement, refused to proceed further with the adjustment. The insurance company, with full knowledge of the fact which it now insists constitutes the forfeiture, when notified of the loss did not claim the benefit of the forfeiture, but negotiated with the insured concerning the loss, collected the note and five days thereafter returned the draft it had received from its agent the bank. The collection of the note of itself will not

constitute a waiver of the forfeiture, for the reason that the policy provides that the collection of the note by legal process, or otherwise, shall in no case create any liability against the company for loss occurring while the assured was in default (*Schimp v. Cedar Rapids Ins. Co.*, 124 Ill. 354); but the sending an adjuster to negotiate with the assured, and the adjuster going and discussing the loss with defendant in error, and placing valuations on the various items of the list of personal property prepared by defendant in error, when a managing officer had full knowledge of the cause of forfeiture several days before any of such acts on the part of the company, were inconsistent with, and were a waiver of the forfeiture. There being a waiver of the forfeiture, there was no error in refusing the peremptory instruction.

The second instruction given for the defendant in error is an abstract proposition. It informs the jury that a fire insurance company is estopped to insist upon a forfeiture of a fire insurance policy, if after the cause of forfeiture the insurance company treats or acts with the assured in such manner as to recognize the policy as still in force. The fourth instruction informs the jury that although the insurance company had the right to decline to pay the plaintiff the amount of his loss because plaintiff had failed to pay the premium note after its maturity and before the fire, still it should be held to have waived its said right, "if you believe from the evidence in this case that, with full knowledge of the fact that said note was past due and unpaid at the time of the fire, the said company, with full knowledge of the fact of non-payment of note, treated with the plaintiff, Cox, in such manner as to recognize the policy as still in force."

The sixth instruction given for the insurance company told the jury that a waiver is a relinquishment of a known right, and that in order that a waiver may arise the knowledge of the right claimed to be relinquished must be actual knowledge, and not merely pre-

sumptive knowledge. The second instruction was erroneous in omitting the element of knowledge to the insurance company of the cause of forfeiture at the time of the performance of the acts which are claimed to be a cause of forfeiture. The instructions are not peremptory in their form, and must be considered as a series. When the fact is considered that the jury were fully instructed on what constitutes a waiver, and that the evidence for the insurance company shows conclusively that it had actual knowledge of the cause of forfeiture before it sent its adjuster to investigate the loss, the giving of the second instruction was not reversible error. The judgment is affirmed.

*Affirmed.*