**L. O. Eagleton, Administrator, Appellee, v. Prudential Insurance Company of America, Appellant.**

**Gen. No. 6,044. (Not to be reported in full.)**

Appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 9, 1915.

**Statement of the Case.**

Action by L. O. Eagleton, as administrator of the estate of Rachel Maloff, deceased, against the Prudential Insurance Company of America, to recover on two policies of insurance on the life of the deceased, dated December 4, 1911, and January 29, 1912. From a judgment in favor of the plaintiff, the defendant appeals.

Each policy contained a condition that the company's liability should "be limited to a return of the premiums paid hereon if the insured dies before the date hereof, or if on said date the insured be not in sound health."

The facts were: That at the time the application for the first policy was made, the applicant stated to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the company's examining physician that four months previously she had undergone an operation for the removal of a fibroid tumor of the uterus; that she subsequently applied for the second policy without making any representations in the application as to the condition of her health, and that the latter policy was issued by the insurer after its permission had been obtained; that the premiums were paid the company; and that about three months after the issuance of the second policy the insured died of cancer of the womb, from which she was suffering at the time she applied for the first policy.

QUINN, QUINN & McGRATH, for appellant.

SUCHER & MOORE, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 329*—when requirement as to health of insured waived. An insurance company which issues a policy on the life of a woman and accepts the payment of premiums from her, after she had informed the company's examining physician that four months previously she had submitted to an operation for the removal of fibroid tumor of the uterus, involving removal of the uterus thereby waives a condition of the policy limiting its liability to a return of the premiums paid if the insured was not in good health at the date of the policy, so as to prevent it asserting the defense to an action on the policy that the insured died of cancer of the uterus.

2. INSURANCE, § 329*—when requirement as to good health waived. Where an insurance company issues a policy on the life of a woman and accepts the premiums therefor, after she had informed the company's examining physician that four months previously she had submitted to an operation for the removal of fibroid tumor of the uterus, involving removal of the uterus and two months later it consented to and issued a second policy on her life

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

without any reference in her application as to her condition of health, the insurer waived a condition of the policy that its liability was limited to the return of the premiums received if the insured was not in good health at the date of the policy, so as to prevent it asserting the defense to an action on the second policy that the insured died of cancer of the uterus.

3. INSURANCE, § 329*—*when extent of insured's physical unsoundness not material.* Where, at the time of issuing a policy of life insurance, an insurer has notice of the physical unsoundness of the assured, the extent thereof is not material as affecting the waiver by the insured of a condition of the policy limiting its liability to a return of the premiums received if the insured was not in good health at the date of the policy.

4. INSURANCE, § 329*—*when condition as to health of insured deemed waived.* An insurer may by its conduct waive a condition of a policy of life insurance limiting its liability to a return of the premiums received if, at the date of the policy, the insured was not in good health.