Rose Bryan, Appellant, v. Pilgrim National Life
Insurance Company, Appellee.

Gen. No. 39,732.

Opinion filed March 16, 1938. Rehearing
denied and additional opinion filed April 1, 1938.

THOMPSON, CHAMBERS & THOMPSON, of Chicago, for
appellant; LAVERN W. THOMPSON, of counsel.

STEBBINS, McKINLEY & PRICE, of Chicago, for ap-
pellee; WILLIAM McKINLEY and PAUL E. PRICE, of
counsel.

Mr. Justice Denis E. Sullivan delivered the opinion of the court.

Rose Bryan brought suit in the municipal court against defendant Pilgrim National Life Insurance Company, a corporation, in an action on a contract. The cause was tried before the court without a jury. The court disallowed plaintiff's claim and entered judgment against plaintiff and in favor of defendant's counterclaim in the sum of $720.63, from which judgment and finding plaintiff brings this appeal.

Plaintiff's statement of claim declared upon a check in the sum of $229.44, drawn in her favor by defendant and upon which payment had been stopped. Defendant admitted the execution of the check and the stopping of payment thereon and alleged that the same was given to the plaintiff because of a misunderstanding of defendant's legal duty to plaintiff as assignee of the amounts due under a certain contract between one F. J. Siedler, deceased, and the defendant; that the assignment was never delivered and was a forgery. Defendant filed a counterclaim for $720.63, being the amount of 3 checks that it had previously delivered to plaintiff under the contract and alleged that these checks had been cashed by her.

Plaintiff's theory is that the contract provided for the payment of accruing commissions or earnings on a percentage basis after the death of Siedler and that any ambiguity relating thereto had been interpreted by the parties in their subsequent dealings; that the assignment was unconditionally delivered by Siedler to plaintiff during Siedler's lifetime and that it bore the genuine signature of F. J. Siedler; and, that the checks forming the basis of the counterclaim were given with full knowledge of all the facts relied upon as a defense, and that moneys thus voluntarily paid under a mistake of law cannot be recovered.

Defendant's theory is that the check was given in payment of amounts accruing after Siedler's death under a contract for personal service which terminated with such death; that the assignment was a gift *inter vivos* and was never delivered to plaintiff; and, that the signature on the assignment from Siedler to plaintiff assigning the benefits under the contract was a forgery.

Defendant in its brief ask that in addition to the statements set forth as its theory in plaintiff's brief, that the following be added:

"If the contract is to be construed as contended by plaintiff, then as a contract prohibited by law, no act of any officer of the corporation, whether by mistake of law or fact, could bind the corporation on it.

"If the contract with Siedler be construed as contended by plaintiff, it was prohibited by law and consequently no rights could be predicated thereon."

The abstract does not show that these last two theories of defendant appear in the pleadings in the trial court nor in the arguments at the time of the trial, and they are presented here for the first time. Therefore, these points will not be considered.

It is agreed by the parties involved in this controversy that the following facts are substantially correct:

On December 29, 1934, the Pilgrim National Life Insurance Company, defendant, entered into a contract with the Fairfield Mutual Life Insurance Company, under which the Pilgrim Company took over the business of the Fairfield Company by reinsuring the latter's policy holders and at the time of the said consolidation Rose Bryan, plaintiff herein, was president of the Fairfield Company and F. J. Siedler was its secretary; that when the Fairfield Company was taken over, Siedler became associated with the Pilgrim Com-

pany under a certain contract dated January 1, 1935, providing for certain percentage payments to Siedler out of subsequently paid premiums by the Fairfield Company and other policy holders. Under date of July 1, 1935, a new contract was entered into between Siedler and the Pilgrim Company, which superseded the previous one, the latter contract being the one involved in this case.

The facts further show that in accordance with the contract Siedler was to be paid a percentage, or commission, of 25 per cent of the premiums collected from the Fairfield Company policy holders for one year from the date of the reinsurance and 2½ per cent for the following 9 years; that he was also to be paid a commission of 12½ per cent for the first year and 2½ per cent for the succeeding 9 years on premiums paid by all policy holders of all other mutual companies reinsured by the Pilgrim Company.

The facts further show that plaintiff and Siedler had been associated together in various business enterprises for many years and that he had lived at her home for 19 years prior to his death and that on July 1, 1935, he executed an assignment to plaintiff of all sums due under the contract; that after his death the Pilgrim Company paid to plaintiff, in accordance with the assignment, the monthly payments due under the contract for 3 months, to wit: balance of December, 1935, paid January 28, 1936; all of January, 1936, paid February 15, 1936; all of February, 1936, paid March 13, 1936; or a total of $720.63; that they also on April 10, 1936, forwarded to plaintiff by mail a check for $229.44, representing the commission on March collections, which plaintiff did not present to the bank for payment until on or about April 30th, at which time payment had been stopped by defendant. This suit is brought upon that check.

In view of the admissions made in defendants' brief, we deem it unnecessary to consider much of the evidence. Defendant approved the facts as stated in the preceding paragraph, for in its brief on page 2, it states:

"Insofar as the facts are summarized in the plaintiff's brief they are substantially correct except in the following particulars:

"On page 7 of the plaintiff's brief we read:

" 'Siedler undoubtedly devoted his time largely, if not exclusively, to the business of locating small mutual companies and reinsuring their policyholders in the Pilgrim.' "

In view of the admissions, we do not think it necessary to consider many of the questions that are otherwise argued in the briefs. If as the admission states, ". . . he [meaning Siedler] executed an assignment to the plaintiff of all sums due under the contract. After his death, the Pilgrim paid to the plaintiff, in accordance with the assignment the monthly payments due under the contract for three months. . . ." Consequently, no question as to the validity of the contract or its assignments or the payments thereunder are presented to us for review. This stipulation admits all these matters and it is unnecessary for us to consider them further.

As to the questions that the action of the officers of the corporation was *ultra vires* and they having no power to bind said company, such questions not having been presented in the trial court by the pleadings, argument or evidence, they cannot now be raised here for the first time.

As the Supreme Court said in the case of *Groves v. Farmers State Bank*, 368 Ill. 35: "Money voluntarily paid under a claim of right to the payment, with full knowledge of all the facts by the person making the

payment, and without fraud or mistake of fact, cannot be recovered back upon the ground that the claim was illegal, unless the payment was made under circumstances amounting to compulsion, and money paid under a mistake of law or an erroneous judgment cannot be recovered.''

Not only does the evidence show here that the money was voluntarily paid, but, in fact, the payments were suggested by the president of the defendant company, as shown by his letter to plaintiff under date of April 10, 1936, the postscript of which reads:

''P. S. Due to the fact that you have not called for your check, please find same enclosed.''

We do not believe there was any convincing evidence showing the assignment of the contract was a forgery. We are of the opinion that the trial court was correct in its finding that the assignment was genuine.

For the reasons herein given the judgment of the municipal court is, therefore, reversed and inasmuch as trial by jury was waived, there will be no necessity for remanding the cause. Judgment will, therefore, be entered here in favor of plaintiff and against the defendant for the amount of said check in the sum of $229.44.

*Judgment reversed and judgment here for $229.44.*
HEBEL, P. J., and HALL, J., concur.

ADDENDA TO OPINION FILED REHEARING DENIED.

In the petition for a rehearing, which is denied, our attention is called to the statement as contained on page 4 of the opinion filed by this court, which reads:
''As to the questions that the action of the officers of the corporation was *ultra vires* and they having no power to bind said company, such questions not having been presented in the trial court by the pleadings, arguments or evidence, they cannot now be raised here for the first time.''

We wish to add thereto the following citations: *Bittner v. Field,* 354 Ill. 215; *Hill v. Siffermann,* 230 Ill. 19.

It has also been called to our attention that this court in its opinion did not express its views as to what legal effect the death of Siedler would have upon the rights of the parties with reference to future payments.

In the opinion filed by this court we did not intend to nor do we now pass upon any questions which may arise in the future under this contract. We intended to hold that the payments voluntarily made by the company could not be recovered and that the judgment of the trial court in this respect was contrary to the law and against the manifest weight of the evidence.

*Rehearing denied.*

HEBEL, P. J., and HALL, J., concur.