Western and Southern Life Insurance Company, Appellant, v. Anna M. Triantos Brueggeman, Respondent.

174

Opinion filed May 19, 1944.

FORDYCE, WHITE, MAYNE, WILLIAMS & HARTMAN, of St. Louis, Mo., and J. FRED GILSTER, of Chester, for appellant.

WILLIAM G. JUERGENS, of Chester, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment against plaintiff appellant, the Western & Southern Life Insurance Company (hereinafter called the plaintiff), and in favor of the defendant respondent, Anna M. Triantos Brueggeman (hereinafter called defendant), in bar of suit and for costs in a case which was tried before the court, without the intervention of a jury.

It appears from the evidence in this case that on May 18, 1939, the plaintiff herein issued a policy of insurance on the life of Bernard B. Triantos, in the sum of $1,000, and which said policy contained a military and naval exemption clause, reading as follows: "In the event the insured dies while in Military or Naval Service in time of war, the liability of the company shall be limited to the amount of the premiums paid on this policy, with interest thereon at the rate of three percentum per annum." The defendant herein was designated as the beneficiary under said policy.

It further appears from the evidence that on June 9, 1942, the insured died of a self-inflicted gunshot wound while he was a private in the United States Army. Proof of death was sent to the insurance company, who in turn sent the defendant the necessary blanks to be completed in connection with the death claim. The plaintiff secured the death certificate from the war department and thereafter notified the defendant that her claim had been approved for payment and sent her its draft in the amount of $1,012.68, in full settlement of the claim. This draft was cashed by the defendant, and plaintiff now contends that it overpaid defendant in the amount of $950.12, and is demanding back this amount. Plaintiff contends that it paid defendant the wrong amount, through inadvertence, and after calling on the beneficiary and requesting her to return the amount they contend is an overpayment, and upon her refusal so to do, suit was instituted to recover said amount from defendant. The theory of plaintiff's complaint may be fairly said to be that, they contend that the payment was made through inadvertence and that for that reason they are entitled to have the overpayment of $950.12 returned.

To the complaint filed in this case the defendant filed an answer, in which she sets up two affirmative defenses: (First) She alleges that the plaintiff, with full knowledge of all the facts and circumstances of the case, without fraud, misrepresentation, or mistake of

fact, and without compulsion, voluntarily and of its own free will, paid to defendant the sum provided for in said policy, and that the same could not now be recovered; (Second) The second affirmative defense asserted is that the plaintiff, with full knowledge of all the facts and circumstances of the case, voluntarily issued its draft, payable to the defendant, for the face amount of said policy, thereby waiving the condition of the policy limiting its liability to a return of the premiums paid if the insured died while in military service in time of war.

In support of plaintiff's contention that the payment was made through inadvertence, the deposition of Anna Boehman was read in evidence and from her deposition it appears that she was an employee of the plaintiff company in the capacity of clerk in the claim department, and that she had been in such employment since June 13, 1921. She testified as to the various steps taken when a claim is received, and until it is finally paid. She testified she was familiar with the military and naval service exemption clause contained in the policy in question in this case; that she handled claims under policies with a war clause and claims under policies without a war clause; and that both types of claims were handled in the same way, except that on claims payable under the war clause, the requisition is issued only for the amount of premiums paid on the policy, with interest at three per cent, as provided in the war clause. This witness testified that she, personally, handled the claim which was based on the policy involved in this litigation, and the draft was requested to be issued for $1,012.68, to the defendant. This witness testified that when this claim was received at the home office it did not include a death certificate as part of the proofs, and that the plaintiff company later obtained said death certificate by writing direct to the war department for it, and that same was received by the plaintiff company from the war

department. She further testified that when the death certificate was received, she made up the claim and inadvertently approved it for payment of the full face amount, instead of for the total amount of premiums paid upon the policy, and that in determining the liability under this policy she overlooked the fact that the policy contained the military and naval service clause. The witness offered in explanation of her mistake in approving the claim for the face amount of the policy that, in addition to the war clause, a suicide clause was contained in the policy, and that in concentrating her attention on the suicide angle, she overlooked entirely the fact that at the time the insured committed suicide he was in the military service. In addition to this evidence there was other testimony offered, and also, a very comprehensive stipulation covering the issuance of the policy, and that it was in force at the time of the suicide of the assured, and other material matters in this case.

At the conclusion of all the evidence in this case, and after the court had had the matter under advisement for some little time, the court entered a judgment order which, in part, is as follows:

"The court having duly considered the evidence and arguments of counsel and briefs duly furnished, and being duly advised, doth find that the plaintiff has failed to prove the material elements of its alleged cause of action by a preponderance of the evidence; that the payment of approved death claim on policy of insured to defendant beneficiary in controversy herein was voluntarily made by the plaintiff company without any fraud, misrepresentation or suppression of facts by the defendant, after due proof of death and claim was made on the policy contract in question, and all conditions precedent performed by plaintiff; that in passing on such claim defendant did so with full knowledge of death of insured while in U. S. military service and of policy provisions in relation

thereto, and that the policy in question was in full force and effect at time of assured's death and all premiums due thereunder to plaintiff company had been fully paid; that the plaintiff company by its duly authorized and empowered agents and officers, with full knowledge of all the relevant facts and circumstances of such claim and provisions of said policy duly allowed and approved the claim and made full and voluntary payment to beneficiary defendant without lack of knowledge or mistake of fact, and thereby waived all provisions concerning military service and were legally bound by said waiver; that any mistake of law as to the company's liability under the evidence herein would not and does not constitute proof of a cause of action herein and that plaintiff has not proven and is not entitled to recover against the defendant under the alleged cause of action set forth in the complaint. Judgment is entered herein against the plaintiff and in favor of the defendant in bar of suit and for costs.''

Our attention has not been directed to any case in Illinois where a court of review has passed upon a set of facts identical with those in the case at bar. The general rule seems to be that a payment made, with full knowledge of the facts and circumstances and in ignorance only of legal rights, cannot be recovered back, and proof that the one making the payment was, in fact, under no legal obligation to pay, and the other had no right to receive the payment, is of no consequence and will not entitle the one making the payment to sue for a recovery of the money, unless the payment was compulsory to the extent of depriving him of the exercise of his free will (*People v. Foster,* 133 Ill. 496; *Illinois Glass Co. v. Chicago Telephone Co.,* 234 Ill. 535; *Bryan v. Pilgrim Nat. Life Ins. Co.,* 294 Ill. App. 356; *Sando v. Smith,* 237 Ill. App. 570).

It seems also to be the well-established law that an insurance company may waive any conditions or pro-

visions inserted in the policy for its benefit, and such waiver may be expressed or implied, which may arise from acts, words, conduct, notice or knowledge on the part of the insurer (*Eagleton v. Prudential Ins. Co.*, 193 Ill. App. 306; *Cox v. American Ins. Co.*, 184 Ill. App. 419; *Beddow v. Hicks*, 303 Ill. App. 247).

The trial court, by its judgment, found that the plaintiff had failed to prove the material elements of its alleged cause of action by a preponderance of the evidence, and that the payment of a proved death claim on policy of insured, to defendant beneficiary, was voluntarily made by the plaintiff company, without any fraud, misrepresentations, or suppression of facts by the defendant, after due proof of death and claim was made on the policy contract in question, and all conditions precedent performed by plaintiff, and that in passing on such claim, plaintiff did so with full knowledge of the death of the insured, while in the U. S. military service, and of policy provisions in relation thereto, and that the plaintiff company, by its duly authorized and empowered agents and officers, with full knowledge of all the relative facts and circumstances of such claim and provisions of such policy, duly allowed and approved the claim, and made full and voluntary payment to the defendant herein, without lack of knowledge or mistake of fact, and thereby waived all provisions concerning military service, and that said company is legally bound by said waiver.

Under the evidence in the record it was apparent that there was a controversy as to the facts and as to whether or not there had been a waiver by the insurance company, through its conduct, while it was in full possession of all the facts relating to the death of the insured, and particularly, to the fact that the death occurred while the insured was in the U. S. military service. It cannot be said, as a matter of law, that a simple denial of any intention to waive a condition by an insurance company, or its agent, will necessarily

override the evidence which is consistent with waiver. The conclusion of the trial court that there was a waiver of the provision relating to death in the military service, through the allowance and approval of the claim and payment thereof, is supported by evidence in the record, and this court, on review, is not justified in rejecting such conclusion of the trial court. As we have repeatedly said, a court of review will not substitute its findings of fact for the findings of fact of a trial court, unless the judgment is clearly against the manifest weight of the evidence (*Chamblin v. New York Life Ins. Co.*, 292 Ill. App. 532), and as a reviewing court, we will accept the findings of the trial judge upon questions of fact, unless such findings are clearly and palpably erroneous (*Kinnah v. Kinnah*, 184 Ill. 284).

We find that the judgment of the court is not against the manifest weight of the evidence, and that his findings are not clearly and palpably erroneous, but the said findings of fact are in harmony with the evidence, and have abundant support therein, and are not in any way erroneous. The judgment of the trial court, being correct, is hereby affirmed.

*Judgment affirmed.*